THE STATE OF OHIO, APPELLEE, *v.*
JONES, APPELLANT.

(No. C-860725—Decided
June 10, 1987.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Paul R. Markgraf,* for appellee.

*Winnie L. King,* for appellant.

*Per Curiam.* Defendant, Robert L. Jones, was denied shock probation under R.C. 2947.061. He now appeals, alleging that the trial court erred to his prejudice in basing the denial on the ground that shock probation was "unavailable" to him as a matter of law. We now *sua sponte* dismiss the appeal. See *State* v. *Bauer* (Apr. 15, 1987), Hamilton App. No. C-860357, unreported.

Defendant was one of three men accused of aggravated robbery in a single count that alleged the three accused men "had on or about their persons a deadly weapon, to-wit: a handgun" in violation of R.C. 2911.01 (A)(1). The single specification to that count stated that the accused men had a firearm, and if proved, this specification would allow the imposition of a three-year term of acutal incarceration in addition and consecutive to the penalty for the principal offense. R.C. 2929.71. Defendant pleaded no contest to the count and the specification. The court found him guilty only of the count, and not guilty of the specification, without stating the reason for this result. The record discloses that defense counsel stated orally during the dialogue about the plea that the weapon was a BB gun. Defendant was sentenced to an indefinite term of five to twenty-five years.

Subsequently, defendant moved for shock probation under R.C. 2947.061. At the hearing on the motion, defense counsel advanced the argument that because a BB gun is neither a firearm nor a handgun, defendant was not precluded from probation by R.C. 2951.02(F)(3). The court responded, quite correctly, that the defendant's plea of no contest was an admission of the truth of the allegation in the body of the count that the accused men had possession of a handgun while committing the offense. Crim. R. 11(B)(2). A "handgun" is a "firearm" designed to be fired while

being held in one hand. R.C. 2923.11(C). We find no error in the court's conclusion, but we *sua sponte* raise the question whether to dismiss the appeal.

The denial of a motion for shock probation is not reviewable, "['][a]bsent a violation of some constitutional or statutory standard,[']" as we held in *State* v. *Bauer, supra,* at 3. In addition to the reasons expressed therein, we note that the disposition of a motion for shock probation made while the convicted person is serving a sentence pursuant to a judgment is a "special proceeding," and that whatever standards may control the *granting* of shock probation in R.C. 2951.02 to 2951.09, the *denial* of shock probation is not subject to any statutory or constitutional standards or requirements. The decision to deny is reposed exclusively in the discretion of the trial court. The movant for shock probation has no "substantial right" entitling him to shock probation and, therefore, the denial of his motion is not "an order that affects a substantial right made in a special proceeding * * *." R.C. 2505.02. It is not a final appealable order.

The appeal is dimissed *sua sponte*.

*Appeal dismissed.*

SHANNON, P.J., BLACK and HILDEBRANDT, JJ., concur.