THE STATE OF OHIO, APPELLANT, *v.* YOUNG, APPELLEE.

(No. 3831—Decided April 25, 1988.)

*Dennis Watkins,* prosecuting attorney, and *Peter J. Kontos,* for appellant.

*Pamela A. Rintala,* for appellee.

CHRISTLEY, J. On May 3, 1983, defendant-appellee, Devon L. Young, was indicted on four counts by the Trumbull County Grand Jury. On May 23, 1983, appellee appeared before the Trumbull County Court of Common Pleas and entered a plea of guilty to Count Two of the indictment, attempted aggravated murder with a gun specification, a violation of R.C. 2903.01 and 2923.02. Appellee was advised of his constitutional rights by the trial court, before he entered his guilty plea.

On May 24, 1983, appellee again appeared before the lower court and the lower court advised him that if he pleaded guilty he would not be eligible for probation. Appellee stated that he wanted to let his guilty plea stand.

By an entry filed May 26, 1983, appellee was sentenced to the Ohio State Reformatory at Mansfield for a mandatory period of three years for the gun specification, to run consecutively with the sentence of five to twenty-five years for the crime of attempted aggravated murder.

On November 28, 1986, appellee, through his attorney, filed a motion to suspend execution of his sentence and grant shock probation. Appellee was granted a hearing on his motion for shock probation. The lower court subsequently granted shock probation on December 8, 1986, following the hearing. Plaintiff-appellant, state of Ohio, filed a timely notice of appeal from the lower court's order granting shock probation with the following assignment of error:

"The trial court erred in granting defendant-appellee's motion for shock

probation pursuant to Section 2947.061 when the crime for which he was sentenced contained a firearms specification pursuant to Section 2941.141."

Appellant asserts that appellee was not entitled to be released on shock probation per R.C. 2951.02 (F)(3). Appellant's argument is well-taken.

R.C. 2929.51 provides for the modification of an offender's sentence. R.C. 2929.51(B) reads as follows:

"After an offender is delivered into the custody of the institution in which he is to serve his sentence, when a term of imprisonment for felony is imposed, and during the period prescribed by section 2947.061 of the Revised Code, the court may suspend the balance of the sentence and place the offender on probation pursuant to that section."

R.C. 2947.061(B) reads:

"*Subject to sections 2951.02 to 2951.09* of the Revised Code and notwithstanding the expiration of the term of court during which the defendant was sentenced, the trial court may, upon the motion of the defendant, suspend the further execution of the defendant's sentence and place the defendant on probation upon such terms as the court determines, if the defendant was sentenced for an aggravated felony of the first, second, or third degree, is not serving a term of actual incarceration, is confined in a state penal or reformatory institution, and files the motion at any time after serving six months in the custody of the department of rehabilitation and correction." (Emphasis added.)

Finally, R.C. 2951.02 provides the criteria for and against probation or suspension of sentence. R.C. 2951.02 (F)(3) reads:

"An offender shall not be placed on probation or otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

"* * *

"(3) The offense involved was not a violation of section 2923.12 of the Revised Code and was committed while the offender *was armed with a firearm or dangerous ordnance,* as defined in section 2923.11 of the Revised Code." (Emphasis added.)

Appellant's assignment is with merit notwithstanding appellee's convincing argument that his record in prison and his record since his release indicate that justice would be well served by allowing the trial court's ruling to stand. If the circumstances before us did not present such a clear violation of the statutory guidelines, appellee's arguments would be better taken.

We are bound to follow the law as it has been set out by the Ohio Legislature. Mandatory sentencing and probation restrictions unfortunately create as many problems as they are intended to cure when the court is not allowed to consider the overall circumstances of the case before it.

In light of the present state of the law, appellant's assignment of error has merit.

As to appellee's assignment of error, appellee failed to file his appeal timely or to request leave to file a delayed appeal. We, therefore, decline to consider appellee's assignment of error.

The judgment of the lower court is reversed, and the cause is remanded to the trial court for resentencing of defendant-appellee.

*Judgment accordingly.*

FORD, P.J., and COOK, J., concur.