**State v. Kean**
**Case No. 89AP152**
**Franklin County, (10th)**
**Decided January 25, 1990**
[Cite as 1 AOA 378]

*Mr. Michael Miller, Prosecuting Attorney, and Ms. Katherine Press, for appellee.*

*Mr. James Kura, Public Defender, and Mr. Allen V. Adair, for appellant.*

WHITESIDE, J.
Defendant, Jason Kean, appeals from a decision of the Franklin County Court of Common Pleas denying him probation and raises the following assignment of error:

"The trial court erroneously concluded that it was without authority to further consider appellant's motion for super shock probation subject to placement in the Pilot Program, when it was generally known and accepted by judges of the Common Pleas Court that the screening for placement in such program took place only after an initial denial of probation."

The salient facts are undisputed. Defendant was convicted of aggravated robbery and was sentenced on December 7, 1987, to a term of five to twenty-five years at the Chillicothe Correctional Institution. On June 21, 1988, defendant filed a motion requesting that he be granted probation pursuant to R.C. 2947.061.

Although not specifically set out in the motion, it is apparent from testimony elicited at the hearing that defendant moved for what is commonly referred to as "super shock" probation under subsection (B) of R.C. 2947.061,[1] which states in pertinent part as follows:

"Subject to sections 2951.02 to 2951.09 of the Revised Code and notwithstanding the expiration of the term of court during which the defendant was sentenced, the trial court may, upon the motion of the defendant, suspend the further execution of the defendant's sentence and place the defendant on probation upon such terms as the court determined, if the defendant was sentenced for an aggravated felony of the first, second, or third degree, is not serving a term of actual incarceration, is confined in a state penal or reformatory institution, and files the motion at any time after serving six months in the custody of the department of rehabilitation and correction. "*A defendant shall not file more than one motion pursuant to this division for each sentence imposed* upon him, and *the court shall deny, without hearing, any motion not authorized by this division or prohibited by this division.* The court shall hear any motion authorized by this division within sixty days after it is filed and shall enter its ruling on the motion within ten days after the hearing. (Emphasis added.)

Defendant's motion was overruled by judge Williams on August 21, 1988. On September 8, 1988, Tim Sullivan of the Franklin County Adult Probation Department submitted a recommendation to Judge Williams in which he suggested that defendant be reconsidered for super shock probation. Before the request was ruled upon, Judge Williams resigned for health reasons, and Judge Marshall, who was appointed to fill the vacancy created by Judge Williams' resignation, scheduled the matter for a hearing on December 21, 1988.

At the hearing, the trial court stated that the issue was whether the court had jurisdiction to consider whether or not defendant should be granted probation, in light of Judge Williams' earlier judgment entry overruling defendant's request.[2] Defendant then presented relevant testimony on that issue from two witnesses: Tim Sullivan and Judge Tommy Thompson.

Tim Sullivan testified that he is the director of the Pilot Probation Subsidy Program ("pilot program") within the probation department.

He described the program, which was promulgated in mid-1984, as a "state-funded diversion program instituted to try and alleviate some of the prison overcrowding ***." (Tr. 51-52.) Sullivan testified further that his office reviews each case in which an initial motion for probation has been overruled and, if the circumstances warrant it, returns the file to the trial court with the recommendation that

probation be granted. The trial court then schedules a hearing for those motions that appear to have merit and either grants the motion (thus reversing the original denial of probation), or overrules the motion. Sullivan testified that Judge Williams had previously reconsidered overruled motions for super shock probation and had subsequently decided to grant them on the recommendation of Sullivan's department. (Tr. 83.) He also admitted that the program could be effectively implemented if his department conducted its review upon an initial recommendation (as opposed to an initial decision) that a motion for shock probation be overruled. (Tr. 90-91.)

Judge Tommy Thompson, Administrative Judge of the Franklin County Court of Common Pleas, testified that Sullivan had explained the pilot program's objectives and procedures to the common pleas judges. (Tr. 11.) He also testified that he had reconsidered motions for shock probation which he had initially overruled and then granted the requested probation. (Tr. 112.)

Judge Thompson testified that he believes that, if a judge rules on a motion for shock or super shock probation within the ten-day time limit of R. C. 2947.061, then he has the inherent power to reconsider his ruling at any time before an appeal is filed on that issue. (Tr. 116-118.)

Defendant also presented testimony from various court personnel who testified, *inter alia*, that documents pertaining to cases other than defendant's case had been inadvertently placed in defendant's court file and that Judge Williams' attendance at his office during pendency of defendant's case was irregular due to health problems. The evidence was introduced to demonstrate that various factors may have influenced the disposition of defendant's motion for super shock probation. However, the trial court found that neither the clerical errors in defendant's court file nor Judge Williams' illness adversely affected the ruling on defendant's motion for super shock probation. Accordingly, the trial court limited its decision to whether it had jurisdiction to reconsider the previous denial of probation and ultimately held that it did not.

In determining that it had no authority to reconsider its earlier decision, the trial court gave two reasons. First, the trial court held that the statue at issue, R. C. 2947.061, expressly provides that only one motion is permitted. Second, the trial court held that the Ohio Rules of Criminal Procedure do not permit

motions for reconsideration. Consequently, the trial court overruled the motion, whereupon defendant filed the instant appeal.

We note initially that the trial court correctly held that only one motion for shock probation is permitted under R.C. 2947.061(B). That statute expressly provides that "[a] defendant shall not file more than one motion pursuant to this division  * * *," and further, that "the court shall deny, without hearing, any motion not authorized by this division." The trial court, therefore, appropriately determined that the motion under consideration was a motion for reconsideration rather than a second motion for shock probation.

In his sole assignment of error, defendant contends that the trial court erred by concluding that it lacked jurisdiction to consider placing defendant on probation because of its initial order overruling defendant's motion for probation. Defendant advances two arguments in support.

Defendant first contends that, under these facts, the case does not fall within the general bar against reconsideration of a trial court's decision. Defendant contends that, inasmuch as denial of shock probation has been held not to be a final appealable order, see *State* v. *Jones* (1987), 40 Ohio App. 3d 123, then the rationale that motions for reconsideration adversely interfere with the finality of an order for purposes of appeal is irrelevant in this context. Moreover, defendant argues that, given the structure of the pilot program, the trial courts order dated August 21, 1988, was a preliminary, interlocutory order and not a final order. Thus, the trial court was not being asked to reconsider a prior final order but, rather, to decide whether defendant could be placed in the pilot program after initially being denied whether defendant could be placed in the pilot program after initially being denied "regular" super shock probation.

As to whether this court has jurisdiction to review the appeal raised by defendant, we begin by recognizing that the denial of shock probation has been held not to be reviewable in the absence of a violation of some constitutional or statutory standard. *Jones, supra; State* v. *Alexander* (March 16,1989), Franklin App. No. 88AP-495, unreported (1989 Opinions 624, at 626), quoting with approval *State* v. *Delaney* (1983), 9 Ohio App. 3d 47, at 48; *State* v. *Poffenbaugh* (1986), 14 Ohio App. 2d 59. R. C. 2505.02 provides that a "final order" includes "an order that affects a substantial right made

in a special proceeding or upon a summary application in an action after judgment \*\*\*." See, also, Sec. 3(B) (2), Article IV, Ohio Constitution. Further, a judgment or a final order in a criminal case is reviewable in the court of appeals. R. C. 2953.02. Denial of a motion for shock probation, however, although made in a "special proceeding," may depend solely upon the discretion of the trial court independent of any constitutional or statutory requirements. Therefore, the rationale of the courts has been that no "substantial right" of the defendant is affected by being denied shock probation, and the defendant thus has no right to appeal from the denial.[3] *State* v. *Ziegler* (Aug. 9, 1983), Franklin App. No. 83AP-52, unreported (1983 Opinions 2154).

In this case, however, defendant appeals not from the original decision overruling his motion but from the trial court's subsequent denial of shock probation upon a motion for reconsideration, on the ground that it lacked jurisdiction so to decide. Given the unique posture of the trial court's decisions in cases such as these involving the probation department's pilot program, we find it necessary to address the issue as a final appealable order, even if defendant had no right of appeal from the initial denial of shock probation. The appealed order does affect a substantial right, namely, defendant's right to have his motion heard and considered by the trial court dependent upon whether it has jurisdiction to do so. Thus, the appeal is from an appealable order.

The issue raised by this appeal is whether the trial court had authority to reconsider placing defendant on shock probation after denying defendant's initial motion. For the following reasons, we must answer this question in the negative.

The Ohio Supreme Court in *Pitts* v. *Dept. of Transportation* (1981), 67 Ohio St. 2d 378, determined that motions for reconsideration are a nullity in the context of civil litigation. The court specifically held in *Pitts* in paragraph one of the syllabus, that "[t]he Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." In so holding, the court reaffirmed its decision in *Kauder* v. *Kauder* (1974), 38 Ohio St. 2d 265, wherein the "appellant's possible reliance to her detriment upon an informal local practice" did not obviate the necessity of complying with the applicable procedural rules, thus rendering null the purported

reconsideration. See, also, *Ditmars* v. *Ditmars* (1984), 16 Ohio App. 3d 174, third paragraph of the syllabus; and *Lin* v. *Reid* (1983), 11 Ohio App. 3d 232 at 236. Relief from final judgments is limited to those motions expressly set out in the Civil Rules.

Relief from judgment in criminal cases is likewise limited to those motions specifically provided for in the Rules of Criminal Procedure, and motions for reconsideration are not among those enumerated. Moreover, Crim. R. 57 provides that, absent a specific provision therein, the court "shall look to the rules of Civil Procedure and to the applicable law."

Since no motion for reconsideration exists under either the Civil Rules, Criminal Rules, or applicable law, it follows that the trial court may not entertain such motions.

The foregoing reasoning was utilized by the Cuyahoga County Court of Appeals in *Cleveland Heights.* v. *Richardson* (1983), 9 Ohio App. 3d 152. The court in *Cleveland Heights* held that "[t]here is no authority for the filing of a motion for reconsideration at the trial court level in a criminal case," and that, consequently, the trial court's granting of the defendant's motion to dismiss upon the defendant's motion for reconsideration after the motion was initially overruled was a nullity. See, also, *Brook Park* v. *Necak* (1986), 30 Ohio App. 3d 118, paragraph three of the syllabus (trial court's attempt to modify the defendant's sentence upon reconsideration held invalid) and *State* v. *Addison* (1987), 40 Ohio App. 3d 7, syllabus (trial court had no power to *sua sponte* reconsider and then modify a sentence which has been executed, absent statutory authority).

In the context of motions for shock probation, two courts which have decided whether motions for reconsideration of initial orders denying shock probation may be entertained have determined the issue on the basis that any reconsideration must take place within the ten-day period following the hearing of the initial motion. *State, ex rel. Corrigan,* v. *White* (1976), 55 Ohio App. 2d 11; *State, ex rel. Dallman,* v. *Court of Common Pleas* (1972), 32 Ohio App. 2d 102. However, language in *Dallman, supra,* suggests that motions for reconsideration (even if permissible to a limited extent by some inherent general power of the trial court), are not permissible in the context of motions for shock probation which contemplate the "unfettered exercise of judicial discretion in determining whether probation shall be granted." *Dallman, supra,* at 108; but see State

v. *Moore* (Feb. 1, 1983), Licking County App. No. CA 2912, unreported.

Accordingly, we hold that the trial court lacked jurisdiction to reconsider its final decision overruling defendant's motion for shock probation under R.C. 2947.061. In so holding we note that our decision in no way undermines the value and purpose of the pilot program adopted by the Franklin County Adult Probation Department, which seeks to obtain release on probation for some defendants who have been denied probation upon an initial motion.[4] Under such a procedure, a decision, but not order, could be entered prior to referral to the pilot program. The trial court's decision in the case *sub judice* in no way purported to set out *preliminary* findings as to the defendant's eligibility for probation and cannot be deemed an interlocutory order, which may have been subject to a motion for reconsideration under principles similar to Civ. R. 54(B). *Pitts, supra*, fn. 1. Inasmuch as the decision to overrule defendant's motion for shock probation was a final order, it was beyond the scope of the trial court's statutory authority to reconsider that final order.

By his second argument, defendant contends that the reconsideration, if disallowed, could be viewed as a motion to vacate the trial court's judgment denying shock probation under Civ. R. 60(B) (5). Specifically, defendant argues that Judge Williams' illness and frequent absences from the court may have contributed to his not ruling on the second recommendation that defendant be placed on shock probation in the pilot program. Even if this be true, there was no evidence presented to suggest that Judge William's physical condition affected his *initial* decision to deny probation, and, therefore, a Civ. R. 60(B) motion (even if available) is not the proper vehicle with which to request that the court, in essence, change its decision.

Accordingly, for the foregoing reasons, defendant's single assignment of error is not well-taken and is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BRYANT and BROGAN JJ., Concur.

BROGAN, J., Concurring:

I respectfully concur in the opinion of my colleagues. However, I feel that the denial of super shock probation is reviewable upon appeal. This court has held that the denial of shock probation is not reviewable in the absence of a violation of some constitutional or "statutory standard." *State* v. *Jones* (1987), 40 Ohio App. 3d 123. In granting or denying super shock probation, the trial judge is subject to some statutory standard, to wit, RC. 2951.02(A). The denial of super shock probation does affect a substantial right in a special proceeding.

BROGAN, J., of the Second Appellate District, sitting by assignment in the teeth Appellate District.

---

[1] Eligibility for "super shock" probation primarily differs from eligibility for "shock" probation, governed by R.C. 2947.061 (A), in the amount of time defendant must be incarcerated before becoming eligible for probation and in the degree of the offense of which defendant was convicted. Given the foundation for the trial court's decision, the differences may not be germane to this appeal. However, we limit our decision to motions for super shock probation, R.C. 2847.061 (B).

[2] Although there was disagreement as to whether the motion was brought by defendant or by the court itself, and also as to what to label the motion, the trial court properly treated it in the judgment entry as a motion to reconsider which had been filed by defendant.

[3] To the extent defendant challenges the holding of those cases, we need not reexamine the issues since it is clear that the appealed order is predicated solely upon statutory interpretation, not exercise of discretion.

[4] Rather, we are required to confine the procedure of that program to that legally appropriate. On recross-examination, Tim Sullivan conceded that the program's goals could be accomplished by his department's reviewing those cases in which the recommendation of the probation department is to overrule the motion for shock probation; in other words, his review and recommendation would occur prior to either a decision or a final order by the trial court. (Tr. 90.)