The STATE of Ohio, Appellee,

v.

BRANDON, Appellant.

[Cite as *State v. Brandon* (1993), 86 Ohio App.3d 671.]

Court of Appeals of Ohio,
Greene County.

No.. 92 CA 0027.

Decided March 12, 1993.

*Suzanne M. Schmidt,* Greene County Assistant Prosecuting Attorney, for appellee.

*Thomas L. Whiteside,* for appellant.

FREDERICK N. YOUNG, Judge

This case arises from the trial court's denial of a motion for "super" shock probation made pursuant to R.C. 2947.061 by Garrett Shawn Brandon, appellant.

I

On February 8, 1988, Stephen Johnson was shot on the Central State University campus at Wilberforce, Ohio. He died from this gunshot wound the next day, February 9, 1988.

On or about March 13, 1988, appellant was arrested in Chicago, Illinois. Although he had not fired the actual bullet that killed Stephen Johnson, appellant was charged in an indictment handed down by the Greene County Grand Jury with the following counts:

COUNT I—Complicity to Murder, R.C. 2903.02 and 2923.03;

COUNT II—Inciting to Violence, R.C. 2917.01(A)(1);

COUNT III—Aggravated Riot, R.C. 2917.02(A) or (2); and

COUNT IV—Involuntary Manslaughter, R.C. 2903.04(A).

In addition, each of the four counts listed above came with a firearms specification pursuant to R.C. 2941.141.

The appellant was tried by a jury, with the trial beginning on May 31, 1988. The jury returned a verdict of not guilty with respect to Count I of the indictment (complicity to murder), and returned verdicts of guilty on the remaining three counts of the indictment, specifically Count II (inciting to violence), Count III (aggravated riot), and Count IV (involuntary manslaughter).

In addition to convicting the appellant on the charges listed above, the jury also found that, as to each offense, "[appellant] had on or about his person or under his control a firearm at the time of said offense".

On July 15, 1988, the trial court sentenced the appellant to the Department of Rehabilitation and Correction as follows:

Count II, inciting to violence with a firearms specification—a definite term of eighteen months with a term of three years' actual incarceration; Count III, aggravated riot with a firearms specification—a definite term of eighteen months with a term of three years' actual incarceration; and Count IV involuntary manslaughter with a firearms specification—an indefinite term of not less than five years nor more than twenty-five years with a term of three years' actual incarceration.

The trial court further ordered "that the [three] three-year periods of actual incarceration be run concurrent with each other and consecutive with, and prior to, all other sentences imposed."

Finally, it "further ordered that the definite sentences in counts II and III be served concurrently and concurrent to the indefinite sentence imposed in count IV."

The trial court imposed no fine on the appellant.

After serving three years and seven months of his original sentence, appellant filed a motion with the trial court for probation pursuant to R.C. 2947.061(B), known as "super shock probation." On January 30, 1992, the trial court denied

the motion without hearing. On March 6, 1992, the trial court denied appellant's motion to vacate the January 30, 1992 judgment and to reconsider his motion for super shock probation. The trial court based its ruling denying the motion for shock probation on R.C. 2951.02(F)(3).

The appellant then filed a Civ.R. 52 motion requesting the trial court to make findings of fact and conclusions of law. The trial court did not respond to this motion. On March 31, 1992, appellant filed a timely notice of appeal to this court.

## II

Appellant's single assignment of error stated in his brief is as follows:

"The trial court erred as a matter of law when it denied appellant's motion for shock probation upon the finding that appellant was ineligible for probation pursuant to R.C. Section 2951.02(F)(3)."

Appellant makes two arguments in support of this assignment of error. First, appellant contends that the state never proved that he was "armed" within the meaning of R.C. 2951.02(F)(3) and, as such, the trial court erred in denying him super shock probation. R.C. 2951.02(F)(3) reads in pertinent part:

"An offender shall not be placed on probation * * * [if] [t]he offense involved was committed while the offender was armed with a firearm * * * as defined in section 2923.11 of the Revised Code."

Second, and in the alternative to this first argument, appellant asserts that this court should hold that R.C. 2951.02(F)(3) should not apply to motions for shock probation made pursuant to R.C. 2947.061.

Before we reach the substantive merits of appellant's assignment of error, however, we must first decide if we have jurisdiction to hear appeals from denials of motions for shock probation.

## III

In *State v. Jones* (1987), 40 Ohio App.3d 123, 532 N.E.2d 153, the defendant-appellant appealed an order of the trial court denying his motion for shock probation made pursuant to R.C. 2947.061. The appeals court in *Jones* stated the following:

"We find no error in the [trial] court's conclusion [denying the defendant-appellant's motion for shock probation because it was unavailable to him under R.C. 2951.02(F)(3) ], but we *sua sponte* raise the question whether to dismiss the appeal.

"The denial of a motion for shock probation is not reviewable, '["][a]bsent a violation of some constitutional or statutory standard,[")]' [quote from *State v.*

*Bauer* (Apr. 15, 1987), Hamilton App. No. C–860357, unreported, 1987 WL 9740]. * * * The decision to deny is reposed exclusively in the discretion of the trial court. The movant for shock probation has no 'substantial right' entitling him to shock probation and, therefore, the denial of his motion is not 'an order that affects a substantial right made in a special proceeding * * *.' R.C. 2505.02. It is not a final appealable order." *Id.* at 124, 532 N.E.2d at 154.

Other courts of appeals in this state have also held that denials of motions for shock probation are not reviewable because they are not final appealable orders. *State v. Poffenbaugh* (1968), 14 Ohio App.2d 59, 43 O.O.2d 191, 237 N.E.2d 147; *State v. Delaney* (1983), 9 Ohio App.3d 47, 9 OBR 50, 458 N.E.2d 462 (absent a violation of some constitutional or statutory standard, the trial court's decision to grant or deny shock probation is not reviewable); *State v. Taylor* (Aug. 12, 1987), Crawford App. No. 3–86–5, unreported, 1987 WL 15789.

This court of appeals, however, has in some instances reached the substantive issues presented in an appeal of a denial of a motion for shock probation without discussing the issue of subject matter jurisdiction, thereby implying that jurisdiction exists with regard to such appeals. See *State v. Williams* (Feb. 28, 1991), Clark App. No. 2719, unreported, 1991 WL 26679; *State v. Smithson* (Aug. 14, 1989), Montgomery App. No. 11288, unreported, 1989 WL 94810; *State v. Williams* (Aug. 20, 1987), Montgomery App. No. 10323, unreported, 1987 WL 16216.

In *State v. Hatfield* (1990), 61 Ohio App.3d 427, 430, 572 N.E.2d 842, 844, this court noted the *Jones* case, discussed above, but it "[did] not reach the issue of whether denials of shock probation motions are generally reviewable * * * because [it found] that the instant case [fell] into a well recognized exception" (namely, that the trial court committed a statutory violation in denying shock probation).

Finally, in the case of *State v. Figler* (Jan. 17, 1992), Montgomery App. No. 12690, unreported, 1992 WL 6667, this court assumed that an appellate court had jurisdiction to review denials of motions for shock probation:

"Assuming that an order overruling a motion for shock probation is appealable, it is clear that a decision as to shock probation is commended to the sound discretion of the trial court."

To clarify our position, we hold that a denial of a motion for shock probation made pursuant to R.C. 2947.061 is a final appealable order under R.C. 2505.02. It is made in a special proceeding and it is "an order that affects a substantial right." R.C. 2505.02. The "substantial right" affected is the right of an offender to have the trial court exercise its discretion in ruling upon the motion for shock probation in a nonarbitrary and rational manner. In short, it is

the right of the offender to procedural due process. See *State v. Hatfield, supra,* 61 Ohio App.3d at 430, 572 N.E.2d at 844.

■ We do not accept the reasoning of the reviewing court in *Jones* and *Bauer, supra,* that the denial of probation requested pursuant to R.C. 2947.061 is not appealable unless there is a violation of some constitutional or statutory standard. That logic is circular. It assumes a reviewing court can judge the denial if it finds such a violation. But how is it to find such a violation unless it reviews the denial by the trial court of the requested probation? If the denial is not appealable, then the reviewing court has no power to find a violation of a constitutional or statutory standard, and the imprisoned movant for probation is *ipso facto* denied his substantive right to due process.

Either the order is reviewable, or it is not reviewable. We cannot hold such an order sometimes reviewable and sometimes not.

■ We hasten to add that as this court stated in *Williams* (1991), *supra,* "a trial court has broad discretion in determining whether to grant a motion for shock probation pursuant to R.C. 2947.061." *Id.* at 3. In order for an offender who has been turned down for shock probation by a trial court to prevail on appeal, he must show that the trial court exercised its discretion in an arbitrary, irrational, and unconscionable manner.

## IV

■ Turning to the substantive merits of appellant's first argument in support of its assignment of error, appellant argues that the state never proved that appellant was "armed" within the meaning of R.C. 2951.02(F)(3) and that, therefore, the trial court improperly found that it was precluded from exercising its discretion on whether to grant the motion. We reject this argument.

In *State v. Butler* (1989), 42 Ohio St.3d 174, 176, 538 N.E.2d 98, 101, the Ohio Supreme Court stated:

"[F]or the purposes of R.C. 2951.02(F)(3), a person is *armed* when in possession of a firearm or a dangerous ordnance." (Emphasis *sic.*)

Earlier in the opinion, the court defined "possession" of a firearm or dangerous ordinance:

"To constitute possession, it is sufficient that the defendant has *constructive possession,* meaning *immediate access to the weapon.*" (Emphasis added.) *Id.*

At trial, the jury found that the prosecution had met its burden of proving beyond a reasonable doubt that "the [appellant] had on or about his person or under his control a firearm at the time of said offense." We find no difference in the standard that the prosecution had to meet at appellant's trial to prove that

the appellant had a firearm "on or about his person" while committing the offenses with which he was charged, and the standard the Ohio Supreme Court set forth in *Butler*, discussed above, for determining when an offender is "armed" within the meaning of R.C. 2951.02(F)(3).

Therefore, we find that the trial court properly concluded that appellant was "armed with a firearm" within the meaning of R.C. 2951.02(F)(3) when he committed his offenses.

## V

Before we address appellant's second argument in support of his assignment of error, we note that appellant's counsel stated:

"Appellant should not be foreclosed an opportunity to be granted shock probation. Mr. Brandon has served his sentence pertaining to the weapons in its entirety. Mr. Brandon remains incarcerated exclusively upon the felony convictions and not as a result of any weapons specifications." (Appellant's brief, at 5.)

To the extent that appellant is arguing that once a term of actual incarceration for a gun specification ends, then R.C. 2951.02(F)(3)'s prohibition against granting probation to people who committed their offenses with firearms should no longer apply, we emphatically reject that argument. There is nothing in R.C. 2951.-02(F)(3) that suggests such a ruling, nor does appellant point to any statute or case law that would support such a result.

## VI

Turning our attention to appellant's second argument, it is apparent that appellant's counsel is essentially trying to argue that R.C. 2951.02(F)(3) should not apply to R.C. 2947.061. We have rejected this argument once before in *Williams* (1987), *supra*, and reject it again now.

As appellant states, there are two forms of probation. The first is probation *before* incarceration, outlined in R.C. 2929.51(A), which gives a trial court the right to suspend an offender's sentence and place him on probation pursuant to the guidelines and prohibitions against probation contained in R.C. 2951.02. Therefore, appellant concedes that R.C. 2951.02(F)(3) applies to probations granted pursuant to R.C. 2929.51(A).

Appellant then asserts that "R.C. Section 2951.02 primarily addresses those prohibitions to placing a person on probation [before incarceration] pursuant to R.C. Section 2929.51(A)," and that, as such, the prohibitions against placing offenders on probation in certain instances, contained in R.C. 2951.02(F), should not apply to motions for probation [after incarceration] made pursuant to R.C. 2929.51(B). (Appellant's brief, at 6.)

However, by its own terms, probations granted pursuant to R.C. 2929.51(B) must be made pursuant to R.C. 2947.061. Both R.C. 2947.061(A) (shock probation) and R.C. 2947.061(B) (super shock probation) are made subject to R.C. 2951.02. Therefore, it is clear that R.C. 2951.02(F)(3) applies to motions for shock probation made pursuant to 2947.061.

Our decision in this case follows the decision of this court in *State v. Williams* (1987), discussed above, which stated:

"It has been held that the proscriptions against probation contained in R.C. 2951.02(F) do not limit the discretion of the trial judge in granting 'shock probation' pursuant to R.C. 2947.061(A). *State ex rel. Corrigan v. Court of Common Pleas* (1976), 45 Ohio St.2d 187 [74 O.O.2d 300, 343 N.E.2d 94].

"After the decision in the *Corrigan* case the legislature amended the 'shock probation' statute by making the granting of shock probation subject to R.C. 2951.02. *It follows that the trial judge's discretion in deciding a shock probation motion is governed by the same considerations as a decision to grant probation initially [pursuant to R.C. 2929.51(A), before incarceration]. State v. Delaney* (1983), 9 Ohio App.3d 47 [9 OBR 50, 458 N.E.2d 462].

"Shock probation, R.C. 2947.061(A) and super shock, R.C. 2947.061(B), are both 'subject to sections 2951.02 to 2951.09 of the Revised Code.'" (Emphasis added.) See, also, *State v. Young* (1988), 47 Ohio App.3d 165, 547 N.E.2d 1022.

In summation, we reject appellant's argument that the trial court erred when it found that the appellant was "armed" within the meaning of R.C. 2951.02(F)(3). We also reject the appellant's argument in the alternative that R.C. 2951.02(F)(3) should not apply to a trial court's decision as to whether to grant motions for probation made pursuant to R.C. 2929.51(B) and 2947.061(B). Therefore, appellant's assignment of error is not well taken and is overruled.

*Judgment affirmed.*

FAIN and BROGAN, JJ., concur.