OPINION
Appellant, Jason G. Layfield, appeals from two decisions of the Lake County Court of Common Pleas, one involving the imposition of sentence rendered after appellant pled guilty to a charge of robbery and another denying appellant's motion to withdraw his guilty plea after sentencing. For the reasons that follow, we affirm the judgments of the trial court.
The facts pertinent to this appeal are as follows. On August 30, 1996, appellant was indicted by the Lake County Grand Jury on one count of robbery, an aggravated felony of the second degree, in violation of R.C. 2911.02. The indictment stemmed from an alleged incident on May 9, 1996 wherein appellant, while attempting or committing a theft offense, physically attacked a customer exiting a convenience store in Painesville, Ohio. To the above charge, appellant entered an initial plea of not guilty.[1]
On March 7, 1997, appellant withdrew his initial plea of not guilty and entered a plea of guilty to the one count of robbery as charged in the indictment. Prior to accepting appellant's guilty plea, the trial court engaged in an extensive exchange with appellant to determine that he was entering into his plea voluntarily with an understanding of the effects of his plea including the constitutional rights he was waiving, the nature of the charge, and the possible penalties appellant could receive including his eligibility for probation. Specific to the arguments made on appeal, the trial court informed appellant of the following:
 "* * * THE COURT: Mr. Layfield, do you understand [what] you're doing here today?
"APPELLANT: Yes.
 "THE COURT: Your attorney's represented that you are here to enter a plea of guilty to the charge made against you in the indictment, do you understand that?
"APPELLANT: Yes.
 "THE COURT: Has anyone promised you anything in exchange for such a plea?
"APPELLANT: Huh-huh.
 "THE COURT: Has anyone threatened you in any way to get you to change your plea?
"APPELLANT: No.
 "THE COURT: Has your attorney promised you a specific sentence in this case?
"APPELLANT: No, Sir.
"* * *
 "THE COURT: This is a charge of robbery, this is an aggravated felony of the second degree. Now, an aggravated felony of the second degree is punishable by a term of imprisonment of 3, 4, 5, 6, 7, years of 8 years, a maximum of 15 years in prison and/or up to $7,500 in money fines. If you enter your plea of guilty here today to this charge that is the possible penalty you are facing; do you understand that?
"APPELLANT: Yes, sir.
 "THE COURT: Now, the Prosecutor is suggesting that in the event that you do enter you [sic] plea of guilty to this charge, your case would be referred to the Lake County Probation Department for a presentence report. That does not mean that you will receive probation, it merely means that you have the right to request that and that report will be accomplished and that report will be used to determine your sentence; do you understand that?
"APPELLANT: Yes, sir.
 "THE COURT: You also have a right to request the Court place you on probation. Again, that does not mean that you will be placed on probation, it merely means that you have the right to ask, the Court's obligated to consider your request, but the Court is not obligated to grant your request; do you understand that?
"APPELLANT: Yes, sir."
Following the above colloquy with the trial court judge, appellant expressed his desire to plead guilty to the charge as set forth in the indictment. As a factual basis for his plea, appellant acknowledged that he hit the victim in this case because he "wanted money." In addition, appellant executed a written plea of guilty wherein he acknowledged the following:
 "* * * I hereby state that I understand these rights and privileges and the possible consequences of a guilty plea and I am voluntarily pleading guilty of my own free will and no inducement or promise has been made to me by the Prosecutor's Office, my counsel, the Court or anyone else to secure my plea of guilty. I further state that I understand that this written plea of guilty constitutes an admission which may be used against me at a later trial. I hereby waive and reject all of these rights. I hereby enter a plea of `Guilty' to the crime(s) of ROBBERY (AGG F-2) in violation of Section(s) 2911.02 of the Ohio Revised Code, which carries a possible penalty of not less than 3, 4, 5, 6, 7, or 8 years or more than 15 years and a possible fine of $7,500.
 "I further understand that if my plea of guilty is accepted by the Court, this offense is
probational by statute. I also understand that even though this offense may be one for which probation may be granted, the decision is entirely with the Judge." (Emphasis sic.)
The trial court accepted appellant's oral and written plea of guilty and then referred the matter to the Adult Probation Department of the Court of Common Pleas for a pre-sentence report and investigation. Appellant was also referred to the Lake County Psychiatric Clinic for a drug and alcohol evaluation.
On May 21, 1997, the trial court sentenced appellant to an indefinite term of incarceration of four to fifteen years. In denying appellant's request for probation, the trial court noted the seriousness of the offense appellant committed as well as his "ten page" juvenile record starting in 1985 and continuing with additional offenses he committed as an adult. From this judgment, appellant, represented by new counsel, filed a timely notice of appeal designated in this court as Lake App. No. 97-L-134.
On August 1, 1997, appellant filed a motion with the trial court requesting that he be permitted to withdraw his guilty plea. As grounds for his request, appellant alleged in a sworn affidavit that he was informed by his prior attorney that he was pleading to a "simple assault charge." Appellant stated that he entered into his "Written Plea of Guilty without understanding that he was pleading to Robbery, an Aggravated Felony of the Second Degree." Upon learning of the offense to which he pled guilty, appellant stated that he immediately confronted his prior defense counsel who assured him that this was all just a terrible mistake that would soon be corrected. Appellant further alleged that his former counsel told him he would be eligible for shock probation after serving one month in jail and that "if [he] would have known that he was ineligible for probation, shock, super-shock or otherwise, he would not have entered the plea." Aside from his own affidavit, appellant presented no further evidentiary materials in support of his motion to withdraw his guilty plea.
On September 5, 1997, the trial court denied appellant's request to withdraw his guilty plea. On December 17, 1997, appellant filed a motion requesting to be released on "super shock" probation pursuant to R.C. 2947.061(B). The trial court denied appellant's request on March 12, 1998.
On January 9, 1998, appellant filed for leave to file a delayed appeal, designated as Lake App. No. 98-L-005, from the trial court's decision denying his postsentence motion to withdraw his guilty plea. By judgment entry filed April 16, 1998, this court granted appellant leave to file his delayed appeal and suasponte consolidated the appeals in Lake App. Nos. 97-L-134 and 98-L-005 for hearing purposes only. Within these two related appeals, appellant now asserts the following two assignments of error:
 "1. A trial court errs to the prejudice of the appellant in overruling his motion for withdrawal of guilty plea, entered in the trial court on March 7, 1997, pursuant to Rule 32.1 of the Ohio Rules of Criminal Procedure.
 "2. A trial court abuses its discretion to the prejudice of a defendant when the trial court fails to consider the mandatory statutory sentencing factors delineated in Ohio Revised Code Section 2929.12."
In the first assignment of error, appellant asserts that the trial court should have held an evidentiary hearing on his claims that he entered his guilty plea without a full understanding of the consequences of such a plea. Specifically, appellant contends that he was misinformed by his trial counsel as to the charge he was pleading guilty to as well as his eligibility for probation. Appellee responds to appellant's accusations by referencing the court to the record, including those portions quoted above, which demonstrate that appellant knowingly, voluntarily, and intelligently entered his guilty plea.
Crim.R. 32.1 provides as follows:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
In the present case, appellant seeks to withdraw his plea of guilty after the trial court imposed sentence. Such a request is cognizable only in the "extraordinary case" to correct a "manifest injustice." State v. Smith (1977), 49 Ohio St.2d 261, 264. In reviewing a trial court's decision to deny a motion to withdraw a guilty plea, an appellate court is limited to a determination of whether the trial court abused its discretion. State v. Blatnik
(1984), 17 Ohio App.3d 201, 202. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Steiner v. Custer (1940), 137 Ohio St. 448; Conner v. Conner
(1959), 170 Ohio St. 85; Chester Township v. Geauga Co. BudgetComm. (1976), 48 Ohio St.2d 372." State v. Adams (1980), 62 Ohio St.2d 151,157-158. Accord Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
In Blatnik, the Sixth District Court of Appeals noted as follows:
 "`What constitutes an abuse of discretion with respect to denying a motion to withdraw a guilty plea necessarily is variable with the facts and mcircumstances involved.' State v. Walton
(1981), 2 Ohio App.3d 117, 119. We recognize, however, that if a plea of guilty could be retracted with ease after sentence had been imposed, `"the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * *"' (Citations omitted.)" Id. at 202-203, quoting State v. Peterseim (1980), 68 Ohio App.2d 211, 213.
In reviewing the totality of the circumstances in this case, we cannot conclude that a manifest injustice occurred and that the trial court abused its discretion in denying appellant's request to withdraw his guilty plea. The record before this court, which includes a complete Crim.R. 11 colloquy between the trial court and appellant as well as a written plea of guilty, establishes that appellant was repeatedly questioned as to his desire to enter a plea of guilty to the charge of robbery as spelled out in the indictment. In addition, the trial court further inquired of appellant as to any threats or promises that may have been made to induce his plea. Appellant responded that he received no such threats or promises.
Now, after receiving what is perceived as a "harsh" sentence, appellant argues that he was misinformed as to the charge he was pleading guilty to and his eligibility for probation.[2]
Based on the record before us, appellant's self-serving statements are insufficient to warrant a withdrawal of his guilty plea. In fact, the trial court was entitled to disregard appellant's assertion, without first conducting a hearing, where the record on appeal conclusively and irrefutably contradicts the allegations an accused makes in support of withdrawal. State v. Legree (1988),61 Ohio App.3d 568, 574. Cf. State v. Colbert (1991), 71 Ohio App.3d 734,738 (involving the withdrawal of a guilty plea where the record supported a defendant's allegation that he detrimentally relied on an unfulfillable promise in entering his plea.)
Appellant is understandably disappointed in the trial court's refusal to grant him probation. However, appellant's disappointment is insufficient to create a manifest injustice, particularly when the trial court went beyond the call of duty to insure that appellant was entering his plea voluntarily with a full understanding of the consequences of said plea. Appellant's first assignment of error is without merit.
In the second assignment of error, appellant argues that the trial court failed to consider the sentencing guidelines as set forth in R.C. 2929.12. We disagree.
A trial court is granted broad discretion in sentencing. InState v. Cyrus (1992), 63 Ohio St.3d 164, 166, the Supreme Court of Ohio stated:
 "This court has held that: `A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12.' State v. Adams (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus; accord State v. O'Dell (1989), 45 Ohio St.3d 140, 147, 543 N.E.2d 1220, 1227. Nothing in the statute or the decisions of this court imposes any duty on the trial court to set forth its reasoning. The burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria."
Additionally, this court has stated:
 "`[I]t is well established that where the sentence imposed is within the statutory limits, the appellate court cannot hold that the trial court abused its discretion by imposing too harsh a sentence. State v. Coyle (1984), 14 Ohio App.3d 185.' State v. Sauers (Dec. 11, 1992), Portage App. No. 92-P-0015, unreported." State v. Brown (1993), 88 Ohio App.3d 509, 513.
In the present case, appellant was given a sentence well within the sentencing guidelines. There is nothing that supports appellant's contention that the trial court did not consider all of the proper sentencing criteria or otherwise abused its discretion in this matter. Appellant's second assignment of error is without merit.
Based on the foregoing, the judgment of the trial court is affirmed. _________________________________ JUDGE WILLIAM M. O'NEILL
CHRISTLEY, P.J.,
NADER, J., concur.
[1] At his arraignment on the indictment, appellant was represented by an attorney from the local public defender's office. However, on or about January 27, 1997, appellant obtained the services of attorney Gregory M. Gilson.
Appellant now asserts, for the first time on appeal, that his trial counsel was the acting judge at his bond hearing held at the Painesville Municipal Court on March 20, 1996, prior to the Lake County Grand Jury returning the indictment against him. A review of the record before us reveals that one Gregory M. Gilson was appointed as acting judge of the Painesville Municipal Court for "the period of one (1) day, Monday, May 20, 1996."
We harbor concerns regarding appellant's allegations that his trial counsel may have served as an acting judge at his arraignment. However, even assuming that appellant's allegations are correct, he has failed to raise any error or prejudice that occurred as a consequence of this allegation.
[2] In his brief to this court, appellant refers to shock probation and "super shock probation," at times, interchangeably. To help clear up some of this confusion associated with the nomenclature, we note that a defendant's eligibility for shock probation, as to crimes such as this one committed prior to July 1, 1996, is set forth in R.C. 2947.061(A) and (B). Shock probation under R.C. 2947.061(B) applies to sentences for first, second, and third degree aggravated felonies and is often designated as "super shock probation" to distinguish it from the shock probation permitted under R.C. 2947.061(A) for lesser crimes. See State v. Brandon (1993), 86 Ohio App.3d 671, 673.
In this case, appellant claims that he would not have entered into his guilty plea if he knew "he was not eligible for probation, shock, super-shock or otherwise." Technically, appellant was not eligible for "shock probation" as that term is used in R.C. 2947.061(A). However, appellant was eligible for "super shock probation" under R.C. 2947.061(B), and, indeed, appellant filed such a request on December 17, 1997. Appellant has offered no explanation as to how his eligibility for "super shock" probation as opposed to shock probation under R.C.2947.061(A) affected his decision to enter into a guilty plea. In his briefing to this court, appellant states as follows: "[T]here is nothing in the evidence to suggest that the appellant knew he would be ineligible for super shock probation. It is the appellant's position that appellant's prior defense counsel misled appellant into believing that he would be eligible for probation, albeit super shock probation." Since appellant was eligible for probation under R.C. 2947.061(B), appellant's argument as to this issue appears to be moot.