Respectfully, I dissent. The majority finds ". . . based on previous decisions of this court, that the trial court's decision denying appellant's motion for shock probation is not a final appealable order. This Court has previously held that the denial of a motion for shock probation is not a final appealable order." (Majority Opinion at 3, citations omitted). A review of our previous decisions reveals this Court's position on this issue has been inconsistent at best. In State v. Mackey (May 6, 1981), Stark App. No. 5516, unreported, the defendant appealed the denial of his motion for shock probation. This Court held the denial of shock probation was not a "reviewable order" under R.C. 2951.10 and dismissed the appeal., Over ten years later, this Court held in State v. Lee (Sept. 27, 1991), Licking App. No. CA-3638, unreported, the denial of a motion for shock probation, which involves an alleged statutory violation, is a final appealable order under R.C. 2505.02, citing State v. Hatfield (1990), 61 Ohio App.3d 427, as support. Almost three years later in State v. Gonzalez (Sept. 2, 1994), Stark App. No. 94CA0131, unreported, this Court cited our previous decision in Mackey, supra, for the proposition the denial of a motion for shock probation is not a final appealable order. Despite our reference to Mackey, supra, this Court did not dismiss the appeal for want of jurisdiction, but rather affirmed the trial court's decision on the basis the defendant's motion for shock probation was untimely filed. Similarly, in State v. Reid (Feb. 21, 1995), Fairfield App. No. 23CA1994 and 35CA1994, unreported, this Court again referenced our previous decision in Mackey, supra, but, nevertheless, again addressed the appeal on the merits and affirmed the trial court's denial of the defendant's motion for shock probation. This Court next addressed the issue in State v. Deibel (July 12, 1995), Tuscarawas App. No. 94AP120092, unreported. In Deibel, this Court exercised its jurisdiction over the State of Ohio's appeal of the grant of a defendant's motion for shock probation. This Court reversed the trial court's decision finding the defendant's motion for shock probation was not timely filed. Most recently, this Court revisited the issue in State v. Smith (Mar. 15, 1996), Fairfield App. No. 95CA0049, unreported. The majority opinion in the case sub judice notes the Smith court addressed the denial of the defendant's motion for shock probation because it was intertwined with other issues presented in the case (Majority Opinion at 3, FN 2). Although this reason was advanced, the very next sentence in Smith cites State v. Brandon (1993), 86 Ohio App.3d 671, as support for the proposition the denial of a motion for shock probation is a final appealable order. This Court then went on to address the merits of the defendant's appeal in Smith and concluded the trial court did not abuse its discretion in denying the defendant's motion for shock probation. In summary, this Court has held on two occasions a ruling on a defendant's motion for shock probation is a final appealable order (Lee, supra, and Deibel, supra); on three occasions has held it is not a final appealable order (Mackey, supra, Gonzalez, supra, and Reid, supra); and most recently in Smith, supra, cited cases going both ways on the issue. Of significance is the fact that despite saying the denial of shock probation in Gonzalez, supra, and Reid, supra, was not a final appealable order (which determination divests this Court of jurisdiction), this Court, nevertheless, reviewed the appeals on their merits. I believe a trial court's decision regarding a motion for shock probation is a final appealable order. My reasons follow. I begin by noting the various appellate districts within Ohio are divided on this issue. A number of courts of appeals have taken the position the decision to grant or deny shock probation is not a final appealable order; therefore, is not reviewable. See, e.g., State v. Jones (1987), 40 Ohio App.3d 123, 124; State v. Glaude (Jan. 16, 1992), Cuyahoga App. No. 61576, unreported; State v. Martone (Sep. 13, 1991), Ashtabula App. No. 91A1587, unreported. These cases rely upon the high degree of discretion vested in trial courts for granting shock probation. As stated in Jones, supra, because a movant for shock probation has no substantial right entitling him to shock probation, the denial of his motion is not "an order that affects a substantial right in a special proceeding." Other districts have found a denial of a motion for shock probation is a final appealable order only when it is accompanied by a statutory or constitutional violation. See, e.g., State v. Keen (Jan. 25, 1990), Franklin App. No. 89AP-152, unreported; and State v. Bauer (Apr. 15, 1987), Hamilton App. No. C-860357 unreported; and State v. Delaney (1983), 9 Ohio App.3d 47,48. Finally, another body of case law finds the denial of a motion for shock probation to be a final appealable order in all cases. See, e.g., State v. Brandon (Mar. 12, 1993), Greene App. No. 92CA27, unreported; and State v. Riggs (Oct. 4, 1993), Meigs App. No. 503, 506, unreported. In Brandon, the Second District Court of Appeals reasoned, in order to determine whether there was a constitutional or statutory violation, an appellate court must first review it. State v. Brandon (1993), 86 Ohio App.3d 671. The Brandon court found an offender had a substantial right to have the trial court exercise its discretion in ruling on a motion for shock probation in a nonarbitrary and rational manner. "In short, the right of an offender to procedural due process." Id. As stated by the Fourth Appellate District in Riggs, supra: There are a greater number of matters in our system of criminal jurisprudence which are relegated to the sound discretion of the trial court. See e.g. State v. Sage (1987), 31 Ohio St.3d 173 at paragraph two of the syllabus (admission or exclusion of relevant evidence); State v. Lorraine (1993), 66 Ohio St.3d 414, 423 (grant or denial of a continuance). Nobody doubts that the resolution of one of these issues would be a final appealable order once the case is concluded. The same should be true of a denial of a motion for shock probation. Provisions in R.C. 2947.061 allow for convicted felons to seek shock probation after conclusion of the initial criminal case against them. This is a separate proceeding and a decision to deny shock probation most assuredly determines that proceeding. Moreover, while the movant may not have a "substantial right" entitling him to shock probation, he does have a "substantial right" to make such a motion pursuant to statute and have it considered by the trial court. Thus, we perceive no reason why a judgment overruling a motion for shock probation should be treated as anything other than a final appealable order.
Id. at 3.
I agree with the Second and Fourth Appellate Districts and find the determination of a motion for shock probation is a final appealable order.