DECISION.
Appellant Leonard Perry entered a guilty plea to one count of burglary in violation of R.C. 2911.12(A)(3), a third-degree felony. The trial court sentenced him to four years in prison. The state dismissed a charge of receiving stolen property. Perry filed no direct appeal. Subsequently, he filed a motion seeking either judicial release by the Ohio court or to serve the Ohio sentence concurrently with a two-to-four-year sentence imposed by a New York court for a burglary conviction there. At the time Perry received his sentence in Ohio, he was already serving time in a New York prison. The trial court granted Perry's motion to have the sentences run concurrently and overruled his motion for judicial release.
Perry filed what he captioned a postconviction relief petition, requesting that the trial court "exercise its equitable discretion" and terminate the remainder of his Ohio sentence after he has completed his New York sentence. According to his petition, Perry was to appear before the New York parole board in January of 2000 and could potentially be released into a work release program for five years after that date. His Ohio sentence would not terminate until September of 2002.
The trial court determined that Perry's petition did not meet the requirements of a postconviction petition for two reasons: (1) it was untimely and (2) it failed to claim an infringement of a constitutional right as to render his sentence void or voidable. The court denied the petition, then decided to review the petition as a "Motion to Mitigate," and denied that motion.
On appeal, Perry raises what he characterizes as three assignments of error. He first asks whether the trial court has the power to mitigate a sentence once a person has been convicted. He next asks whether the trial court properly heard his postconviction petition. Last, he requests that this court reduce his sentence.
The trial court sentenced Perry on November 9, 1998. Perry filed his petition on October 4, 1999. If his filing is deemed to be a postconviction petition under R.C. 2953.21, Perry filed out of time and failed to demonstrate that he should be allowed to file a delayed petition. Thus, the trial court had no authority to entertain the petition.[1] Therefore, we overrule Perry's second assignment.
The trial court determined, however, that Perry's petition was a motion to mitigate his sentence. We do not believe such a procedural mechanism exists under the felony sentencing statutes. Following the enactment of Am.Sub.S.B. No. 2 (Senate Bill 2) "[e]xcept for small increments of earned good time credit, the law now anticipates that a defendant will serve the time which the trial court sets at sentencing. Unless there is specific statutory authority, a trial court does not have inherent authority to suspend, cancel, or modify a sentence once that sentence has been executed."[2] Thus, if a judge imposes a prison term, "then defendant will serve that term unless the judge grants early release."[3] Because the court does not have equitable discretion to terminate Perry's sentence as he requested, we conclude that the trial court correctly dismissed his motion. Thus, we overrule Perry's first assignment.
We note that although the court did not have equitable discretion to terminate Perry's sentence, Perry's motion, with its accompanying documentation, could have been construed as a motion for judicial release under R.C. 2929.20. But if we construe Perry's petition as a motion for judicial release, we would be forced to dismiss his appeal, because the denial of a motion for judicial release is not a final appealable order.
"R.C. 2929.20, authorizing a motion for judicial release from prison, is a modification of the formerly existing `shock probation.'"[4] The statute is a "consolidation of `shock probation' and `shock parole' power in the judiciary."[5]
And, "because prison authorities no longer have authority to grant early releases on parole, a petition for early judicial release is the only legal mechanism under Senate Bill 2 by which inmates can significantly reduce their prison terms."[6]
We held in State v. Jones[7] that the "denial of a motion for shock probation is not reviewable" absent a violation of some constitutional or statutory standard or requirement. We concluded in State v. Jones that a "movant for shock probation has no `substantial right' entitling him to shock probation and, therefore, the denial of his motion is not `an order that affects a substantial right made in a special proceeding * * *.'"[8]
The Eleventh District Court of Appeals in State v.Waller[9] noted that the only significant difference between a motion for shock probation under the former provisions of R.C.2947.061 and a motion for judicial release "[that] might arguably warrant a holding that a substantial right is invoked in the case of a denial of a motion for judicial release, is that the motion for judicial release is the only legal mechanism under Senate Bill 2 by which inmates can significantly reduce their prison terms." That fact was not sufficient to persuade the Eleventh District that a defendant is entitled to appellate review of the denial of his motion for judicial release. We agree with that court's analysis:[10]
 First, the legislature has not changed the gratuitous nature of the decision to grant early judicial release under the new provisions. There is no section in the new sentencing guidelines which [sic] affirmatively demonstrates that the legislature's intent to grant an incarcerated defendant the right to early judicial release. Moreover, the only provisions referencing appellate review of a trial court's decision on a motion for judicial release state that the prosecution may appeal the grant of a motion for judicial release in the case of first and second degree felons. R.C. 2953.08(B)(3).
 Second, while it may be true that an incarcerated defendant's legal mechanism for early release may be more limited under the new sentencing scheme, this is exactly what the legislature intended in adopting the new truth in sentencing guidelines. Thus, we determine that we would be going against the spirit and intention of the new sentencing guidelines if we were to hold that a trial court's decision denying a motion for judicial release invokes a substantial right on the part of the defendant to early judicial release, absent, of course, an affirmative showing of a violation of a constitutional or statutory standard.
 In conclusion, while we recognize the significance of the changes limiting the defendant's legal mechanisms to obtain early judicial release, we are also mindful of our role and special responsibility to ensure, through our review on appeal of the sentences imposed on criminal defendants, that the sentencing decisions of the trial courts are proportional, uniform, and otherwise fair. [Citation deleted.] However, we do not believe that this responsibility includes the creation of a right to appellate review of a trial court's decision denying an incarcerated defendant's motion for judicial release.[11]
 Because we construe Perry's motion as a motion asking the trial court to exercise its equitable powers to terminate his sentence, and not as a motion for judicial release, we conclude that the trial court was correct in denying his request.
As to Perry's request that we reduce his sentence, Perry has failed to provide a basis on which we have jurisdiction to do so. Therefore, we overrule his third assignment of error.
Accordingly, we affirm the trial court's denial of his request to terminate the remainder of his sentence.
Judgment affirmed.
 Gorman, P.J., and Shannon, J., concur.
Raymond E. Shannon, J., retired, of the First Appellate District, sitting by assignment.
[1] See State v. Hill (1998), 129 Ohio App.3d 658, 661,718 N.E.2d 978, 980.
[2] 2 Katz Giannelli, Criminal Law (1996, Supp. 1999), 181, Section 78.28, citing to State v. Rowe (1997), 118 Ohio App.3d 121,691 N.E.2d 1140. See State v. Hayes (1993), 86 Ohio App.3d 110,619 N.E.2d 1188.
[3] 2 Katz Giannelli, Criminal Law (1996), 702, Section 78.8.
[4] Griffin and Katz, Ohio Felony Sentencing Law (1999) 310, Section 1.27.
[5] Id.
[6] State v. Waller (Oct. 31, 1997), Trumbull App. No. 97-T-0082, unreported.
[7] State v. Jones (1987), 40 Ohio App.3d 123, 124,532 N.E.2d 153, 154; but, see, State v. Brandon (1993), 86 Ohio App.3d 671,621 N.E.2d 776.
[8] See id., quoting R.C. 2505.02.
[9] State v. Waller, supra.
[10] We recognize that Senate Bill 107, effective March 23,2000, amended R.C. 2929.20 and R.C. 2953.08. None of theamendments, however, affects the analysis provided by the court inState v. Waller.
[11] State v. Waller, supra.