Allen, J.
 

 The statutes involved in this case are Section 12432, General Code, in the form that section bore on May 5, 1921, prior to its amendment in 109 Ohio Laws, 612; Section 2166, as enacted in 103 Ohio Laws, 29; Section 2169; Section 2163, General Code; Section 2210, as enacted in 114 Ohio Laws, 530; and Sections 2211-4, 2211-5 and 2211-6, as enacted in 114 Ohio Laws, 590 and 591. These sections, in their material portions, read as follows:
 

 Section 12432, General Code: “Whoever, by force or violence, or by putting in fear, steals and takes from the person of another anything of value is guilty of robbery, and shall be imprisoned in the penitentiary not less than one year nor more than fifteen years.”
 

 Section 2166, General Code: “Courts imposing sentences to the Ohio penitentiary for felonies, except treason, and murder in the first degree, shall make them general and not fixed or limited in their duration. All terms' of imprisonment of persons in the Ohio penitentiary may be terminated by the Ohio Board of Administration as authorized by this chapter, but no such
 
 *406
 
 terms shall exceed the maximum, nor be less than the minimum term provided by law for the felony of which the prisoner was convicted * *
 

 Section 2169, General Code: “The Ohio Board of Administration shall establish rules and regulations by which a prisoner under sentence other than for treason or murder in the first or second degree, having served a minimum term provided by law for the crime for which he was convicted or a prisoner under sentence for murder in the second degree, having served under such sentence ten full years, may be allowed to go upon parole outside the building and inclosure of the penitentiary *
 
 *
 
 #.”
 

 Section 2163, General Code: “A person confined in the penitentiary, or hereafter sentenced thereto for a definite term other than life, having passed the entire period of his imprisonment without violation of the rules and discipline, except such as the board of managers shall excuse, will be entitled to the following diminution of his sentence:
 

 “(a) A prisoner sentenced for a term of one year shall be allowed a deduction of five days from each of the twelve months of his sentence.
 

 “(b) A prisoner sentenced for a term of two years shall be allowed a deduction of six days from each of the twenty-four months of his sentence.
 

 “(c): A prisoner sentenced for a term of three years shall be allowed a deduction of eight days from each of the thirty-six months of his sentence.
 

 “(d) A prisoner sentenced for a term of four years shall be allowed a deduction of nine days from each of the forty-eight months of his sentence.
 

 “(e) A prisoner sentenced for a term of five years shall be allowed a deduction of ten days from each of the sixty months of his sentence.
 

 “(f) A prisoner sentenced for a term of six or more years, shall be allowed a deduction of eleven days from each of the months of his full sentence.
 

 
 *407
 
 “ (g) A prisoner sentenced for a number of months or fraction of years shall be allowed the same time per month as is provided for the year next higher than maximum sentence.”
 

 Section 2210, General Code: “A person confined in a state penal institution and not eligible to parole before the expiration of a minimum sentence or term of imprisonment, or hereafter sentenced thereto under a general sentence, who has faithfully observed the rules of said institution, shall be entitled to the following diminution of his minimum sentence:
 

 “ (a) A prisoner sentenced for a minimum term of one year shall be allowed a deduction of five days from each of the twelve months of his minimum sentence.
 

 “(b) A prisoner sentenced for a minimum term of two years shall be allowed a deduction of six days from each of the twenty-four months- of his minimum sentence.
 

 “(c) A prisoner sentenced for a minimum term of three years shall be allowed a deduction of eight days from each of the thirty-six months of his minimum sentence.
 

 “(d) ' A prisoner sentenced for a minimum term of four years shall be allowed a deduction of nine days for [from] each of the forty-eight months of his minimum sentence.
 

 “(e) A prisoner sentenced for a minimum term of five years shall be allowed a deduction of ten days from each of the sixty months of his minimum sentence.
 

 “(f) A prisoner sentenced for a minimum term of six or more years, shall - be allowed a deduction of eleven 'days from each of the months of his minimum sentence.
 

 “(g) A prisoner sentenced for a minimum of a number of months or fraction of years shall be allowed the same time per month as is provided for the year next higher than such minimum sentence.
 

 
 *408
 
 “At the expiration of the minimum sentence diminished as herein provided, each prisoner shall be eligible for parole as provided by law.”
 

 Section 2211-4, General Code: “All powers and duties vested in or imposed by law upon any other officers, boards or commissions of the state, excepting the governor, with respect to recommendation, grant, or order of pardon, commutation of sentence, parole, reprieve, reimprisonment, or release of persons confined in or under sentence to any of the penal and reformatory institutions of the state excepting the boys’ industrial school and the girls’ industrial school are hereby transferred to, vested in and imposed upon the board of parole and shall be exercised in accordance with the provisions of this act. Upon the appointment of the members of the board of parole and their qualification, said board shall be and become the successor of and shall supersede any and all other offices, boards and commissions of the state, excepting the governor, with respect to such powers and duties.”
 

 Section 2211-5, General Code: “The board of parole shall have the power to exercise its functions and duties in relation to parole, release, pardon, commutation, or reprieve upon its own initiative or the initiative of the superintendent of a penal or reformatory institution. “When a prisoner becomes legally eligible for parole the superintendent of the institution in which he is confined shall notify the board of parole in such manner as may be prescribed by the board. The board shall have the continuous power to investigate and examine or to cause the investigation and examination of persons confined in the penal or reformatory institutions of Ohio, both concerning their conduct therein, the development of their mental and moral qualities and characteristics, and their individual and social careers, and the board’s action shall take into account the results of such investigation and examination. But the board shall not order or rec
 
 *409
 
 ommend the release of any person from actual confinement unless in its judgment there is a reasonable ground to believe that, if so released, he mil be and remain at liberty without violating the law, and that such release is not incompatible with the welfare of society. It shall be the duty of all state and local officials to furnish information to the board of parole when requested to do so and to cooperate with the said board in the performance of its duties.”
 

 Section 2211-6, General Code: “Subject to the limitations imposed by law, the board of parole shall have full, continuous and exclusive power to determine the time when, the period for which and the terms and conditions in accordance with which any prisoner now or hereafter confined in a penal or reformatory institution may be allowed to go upon parole outside the premises of the institution to which he has been committed, assigned or transferred * * *.”
 

 The application for a writ of
 
 habeas corpus
 
 raises the following questions:
 

 (1) The petitioner claims that under Section 2210,. General Code, credits allowed for good behavior must be deducted from his indeterminate sentence so as to reduce the term of imprisonment.
 

 (2) The petitioner claims that under the provisions of Section 2210, General Code, a prisoner confined in the Ohio penitentiary is entitled as a matter of right to a parole upon the expiration of his Tnininrmm term of imprisonment, less good time off.
 

 We are compelled to rule against the petitioner upon both of these contentions. Section 2210, General Code, as given above, does not provide for a deduction of credits allowed for good behavior from an indeterminate sentence. It specifically provides at the end of the section that each prisoner shall be eligible for parole. In the first part of the section, the fact that this enactment only reduces time within which the prisoner is eligible for parole is emphasized by the
 
 *410
 
 phrase, “A person confined in a state penal institution and not eligible to parole.” This section, 2210, is sharply differentiated from Section 2163, General Code, which does establish an absolute diminution of sentence for good behavior in reference to definite sentences. Section 2163 goes back in its history to 1884. Section 2210, as enacted in 1931, above quoted, is entirely new. Hence the difference in the provisions of Sections 2163 and 2210 is of genuine significance. Section 2210, while it may have intended to establish an absolute diminution of minimum sentence, as a matter of fact simply provided that the parole of a prisoner may be considered before the time of his minimum sentence has expired. In other words, the section was awkwardly drawn, if its purpose was to provide for an actual deduction of time from a minimum sentence. The purpose of the diminution of time for eligibility for parole was stated, but the provision that a person confined in a state penal institution could not be paroled prior to the expiration of his minimum sentence, embodied in Section 2169, General Code, was not repealed, and has to be read in conjunction with Section 2210. This specific enactment of Section 2169 forces us to overrule the petitioner’s first contention.
 

 Considering further whether under these sections the petitioner is entitled as a matter of right to a parole at the expiration of the minimum sentence, less good time off, we conclude that under the statutes the board of parole is not authorized to parole a prisoner serving an indeterminate sentence prior to the expiration of his minimum term of imprisonment. This again is the specific requirement of Section 2169, which in the first sentence applies the privilege of parole only to prisoners who have “served a minimum term provided by law” for the crime for which they were convicted.
 

 With reference to the argument made by the petitioner, as to continuances, the board of parole has the
 
 *411
 
 authority to hold hearings upon the question of parole and to continue such hearings. Obviously, if the board of parole had not authority to continue an application for parole, its hands would be hopelessly tied in the consideration of cases arising before it. Under the law as it now exists, the safeguard for the prisoner must be in the conscientious, fair-minded, and humane viewpoint of the board of parole. A discretionary duty, with great power, is confided to the board under the statutes. Under this discretionary power, a petitioner is not entitled as a matter of right to receive a parole at the expiration of his minimum sentence prior to the expiration of his maximum sentence. Quoting the words of the statute (Section 2211-6, General Code), the board of parole has “continuous and exclusive power to determine the time when” any prisoner confined in a penal or reformatory institution may be allowed to go upon parole. The Legislature could hardly have made a more all-inclusive grant of power to such a board, and if such power should not exist, the remedy lies, not with this court, but with the Legislature.
 

 Writ denied.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Bevis and Zimmerman, JJ., concur.