THE STATE OF OHIO, APPELLEE, *v.* CRAWFORD, APPELLANT.

(No. C-72323—Decided February 26, 1973.)

*Messrs. Simon L. Leis, Jr.,* and *Mr. Leonard Kirschner,* for appellee.

*Mr. James N. Perry,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal, the transcript of the docket and journal entries, the original papers and pleadings from the Court of Common Pleas of Hamilton County, the assignment of error, and the briefs and arguments of counsel.

The singular assignment of error is that it is error for the trial court to refuse to entertain a motion under R. C. 2947.061, concerned with probation after sentence, on the basis that the motion was not timely filed, when the record shows that the defendant was not aware of his rights under that section and where the record does not contain a waiver of such rights.

The court below found that it did not have jurisdiction to hear a motion for probation after sentence under R. C. 2947.061, filed more than 60 days after sentence.

Our examination of the legislation involved here leads us to conclude that the time periods set forth in R. C. 2947.-061 are mandatory, and after the expiration of the 60 day period for filing the motion for ''shock'' probation has oc-

curred, the trial court loses its jurisdiction over the subject matter and over the person of the defendant. Hence, any attempt by a trial court to suspend the execution of sentence, grant probation, or order a defendant's release from custody under authority of R. C. 2947.061 would be void and without legal effect.

Therefore, the trial court did not err in making its order on the ground of lack of jurisdiction.

The ancillary point raised by the defendant—the effect of want of knowledge of his rights and the lack of a waiver thereof in the record—presents a special problem.

There is nothing in the record to demonstrate that the court below was confronted with this aspect of the case. Defendant has attempted to support his argument on this facet by attaching to his brief, as Exhibit "B," a copy of his affidavit to verify his contention that he was ignorant of his rights under R. C. 2957.061. We do not find any evidence in the record that such affidavit was before the Court of Common Pleas. But, even if we assume that it was, we are unable to find any authority to compel the court to consider a motion for "shock" probation filed out of time. We believe it is a question of jurisdiction to hear the motion and the court in this instance was correct in finding a lack of jurisdiction. Such lack of power to entertain the motion or grant the relief sought by the movant is absolute.

The assignment of error is without merit upon the record as it appears to this court.

The judgment of the Court of Common Pleas of Hamilton County is affirmed.

*Judgment affirmed.*

Hess, P. J., and Shannon, J., concur.
Young, J., not participating.