OPINION
Robert Byrum is appealing from the decision of the trial court denying his motions for shock probation and, in the alternative, for judicial release.
Byrum's sole assignment of error is:
 THE TRIAL COURT ERRED AND ABUSED IT'S [sic] DISCRETION BY DENYING DEFENDANT'S MOTIONS FOR SHOCK PROBATION PURSUANT TO R.C. § 2947.061 AND JUDICIAL RELEASE PRUSUANT [sic] TO R.C. § 2929.20.
The complete history of Byrum's series of post-conviction motions, and the trial court's explanations of its denials of them, are set forth in the following entry filed by the trial court before the denial of Byrum's last motion for judicial release, on which this appeal is prosecuted.
 The history of this Defendant's post conviction motions is as follows:
 1. On April 18, 1996 the Court held the sentencing hearing at which time the Defendant was sentenced on the charge of Burglary, a third degree felony, to a prison term of 2+ years minimum to 10 years maximum; on the charge of Vandalism, a fourth degree felony, to a prison term of 1 year; and on the charge of Assault, a first degree misdemeanor, to a jail term of 6 months. The Burglary and Vandalism sentences were ordered to be served consecutively. The Assault sentence was concurrent.
2. The judgment entry was filed on May 6, 1996.
 3. The Defendant was transported to the penitentiary on May 7, 1996.
 4. On July 25, 1997, the Defendant filed his first motion for shock probation pursuant to § 2947.061(B) of the Ohio Revised Code.
 5. On July 30, 1997, the State file [sic] its memorandum in opposition to Defendant's motion for shock probation. This memorandum argued that the Defendant's motion was not timely filed because the Defendant was not sentenced for an aggravated felony and, therefore, could only file for shock probation under § 2947.061(A). That section mandates that the motion be filed 30 to 60 days after the Defendant is received at the penitentiary.
 6. On October 6, 1997, the Court found that the State's argument was the correct statement of the law. Under Ohio law the Court, at the time the Defendant filed his motion for shock probation, no longer had jurisdiction to grant the Defendant shock probation, and denied the motion.
 7. On October 17, 1997, the Defendant filed a motion to withdraw his motion for shock probation.
 8. On October 29, 1997, the court denied the motion to withdraw Defendant's motion for shock probation.
 9. On January 9, 1998, the Defendant, through new counsel, filed a motion for judicial release pursuant to Ohio Revised Code § 2929.20.
 10. On February 17, 1998, the Court found that § 2929.20, which went into effect after the date of the Defendant's sentencing, could not be applied to the Defendant's case and denied the motion.
 11. On August 14, 1998, the Defendant, through the same counsel that filed his motion on July 25, 1997, filed the same motion again asking for shock probation pursuant to § 2946.061(B).
 12. On September 22, 1998, the State filed a memorandum opposing the Defendant's motion, arguing that the motion had previously been ruled upon and that under the statute only one such motion can be filed.
 13. On September 28, 1998, the Defendant filed a motion to withdraw his motion dated August 14, 1998.
 14. On October 13, 1998, the Court filed an entry granting the withdrawal of the Defendant's August 14th motion.
 Under the law which was in effect at the time of the Defendant's sentencing, the Court had jurisdiction to review the sentence under Ohio Revised Code § 2946.06(A), available to Defendants who were sentence [sic] for non-aggravated felonies, such as the Defendant. Motions under this statute had to be filed between 30 days and 60 days of the Defendant's reception at the penitentiary. The Courts jurisdiction to review sentences for shock probation was strictly limited by that statute. Outside of the limits of the statute the Court had not jurisdiction to grant shock probation.
 The Defendant's first motion for shock probation was filed under Ohio Revised Code § 2946.06(B), which was available only to prisoners serving a sentence for aggravated felonies. The Defendant was not sentenced for an aggravated felony. Therefore, this section of the statute did not apply to him, and, therefore, did not give the Court any jurisdiction to review his sentence for shock probation.
 The Defendant's motion for judicial release was denied because the Court interpreted that statute, which went into effect in July 1996, as not applying to the Defendant's sentence. That interpretation has been subsequently affirmed in other cases by the Ohio Supreme Court.
 There has been nothing filed with the Court, which could be interpreted as giving this Court any further jurisdiction over the Defendant's sentence.
At the outset, we note that a court of appeals has no jurisdiction to review the denial of motions for judicial release or shock probation since they are not final appealable orders, absent a violation of some constitutional or statutory standard.State v. Waller (Oct. 31, 1997), Trumbull App. No. CA 97-T-0082, unreported. Even if we were to consider the merits, we would affirm the trial court for the reasons cited in the above-quoted entry; that is, that judicial release is not available to defendants who committed their crime before the effective date of the statute setting forth the terms of judicial release, which is July 1, 1996.
As to his prior motions for shock probation, it is clear from the record that Byrum did not file his allowed one motion for shock probation within the time limit of thirty to sixty days after he was in the custody of the institution in which he is serving his prison term. R.C. 2947.061(A). As such, as the trial court pointed out, it no longer had jurisdiction to grant Byrum shock probation. State v. Crawford (1973), 34 Ohio App.2d 137, 63 O.O.2d 213. Byrum did have time to file his motion for shock probation before the expiration of sixty days after his incarceration, but he failed to do so.
The assignment of error is overruled, and the judgment is affirmed.
GRADY, P.J. and FAIN, J., concur.
Copies mailed to:
David E. Smith
James D. Marshall
Hon. Richard O'Neill