[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 125.]

THE STATE OF OHIO, APPELLEE, *v*. COFFMAN, APPELLANT.

[Cite as *State v. Coffman*, 2001-Ohio-273.]

*Criminal law—Shock probation—Trial court's order denying shock probation pursuant to former R.C. 2947.061(B) is not a final appealable order.*

(Nos. 00-330 and 00-355—Submitted November 28, 2000—Decided March 7, 2001.)

APPEAL from and CERTIFIED by the Court of Appeals for Delaware County, No. 99CAA09044.

_____

SYLLABUS OF THE COURT

A trial court's order denying shock probation pursuant to former R.C. 2947.061(B) is not a final appealable order.

_____

FRANCIS E. SWEENEY, SR., J.

{¶ 1} On October 21, 1997, the Delaware County Court of Common Pleas sentenced appellant, Dana E. Coffman, to a term of three to fifteen years for a robbery committed by appellant on April 6, 1996. On July 20, 1999, appellant moved the trial court for shock probation pursuant to former R.C. 2947.061(B).[1] The trial court denied appellant's motion.

_____

1. At the time of appellant's offense, R.C. 2947.061(B) provided:

"Subject to sections 2951.02 to 2951.09 of the Revised Code and notwithstanding the expiration of the term of court during which the defendant was sentenced, the trial court, upon the motion of the defendant, may suspend the further execution of the defendant's sentence and place the defendant on probation upon the terms that, consistent with all required conditions of probation prescribed by division (C) of section 2951.02 of the Revised Code, the court determines, if the defendant was sentenced for an aggravated felony of the first, second, or third degree, is not serving a term of actual incarceration, is confined in a state correctional institution, and files the motion at any time after serving six months in the custody of the department of rehabilitation and correction." 146 Ohio Laws, Part I, 116-117.

**{¶ 2}** Appellant appealed the trial court's decision to the Fifth District Court of Appeals. The court of appeals dismissed the appeal on the ground that a trial court's denial of a motion for shock probation is not a final appealable order. Appellant then moved the court of appeals to certify a conflict. On February 14, 2000, the court of appeals granted appellant's motion, certifying that its decision is in conflict with that of the Eighth Appellate District in *State v. Delaney* (1983), 9 Ohio App.3d 47, 9 OBR 50, 458 N.E.2d 462, the Second Appellate District in *State v. Brandon* (1993), 86 Ohio App.3d 671, 621 N.E.2d 776, the Fourth Appellate District in *State v. Riggs* (Oct. 4, 1993), Meigs App. Nos. 503 and 506, unreported, 1993 WL 405491, and the First Appellate District in *State v. Bauer* (Apr. 15, 1987), Hamilton App. No. C-860357, unreported, 1987 WL 9740.

**{¶ 3}** The cause is now before this court upon our determination that a conflict exists (case No. 00-355) and upon our allowance of a discretionary appeal (case No. 00-330).

**{¶ 4}** The court of appeals certified two related questions for our review and resolution. First, we are asked to decide whether the denial of a motion for shock probation pursuant to former R.C. 2947.061(B), 146 Ohio Laws, Part I, 116-117, can ever be a final appealable order. We are then asked to decide whether the denial of such a motion is a final appealable order only if the denial constitutes a constitutional or statutory violation. For the reasons that follow, we hold that a trial court's denial of a motion for shock probation is never a final appealable order.

**{¶ 5}** The General Assembly repealed R.C. 2947.061 — the shock probation statute — in Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7809. However, because the provisions of Am.Sub.S.B. No. 2 apply only to offenses committed after July 1, 1996, former R.C. 2947.061 is available to those who, like appellant, committed their crimes prior to this date. *Id.* at 7810, Section 5.

**{¶ 6}** Whether the denial of a motion for shock probation is a final appealable order is a question that has sharply divided the courts of appeals. Even

among those courts of appeals that have held that the denial of such a motion is reviewable, the courts are divided over the extent of their appellate power. Some courts of appeals hold that a review can occur only when the trial court's denial constitutes a constitutional or statutory violation. See *Bauer*, 1987 WL 9740, and *Delaney*, 9 Ohio App.3d 47, 9 OBR 50, 458 N.E.2d 462, *supra*. Other courts hold that their appellate power is not limited to orders involving a constitutional or statutory violation. See *Brandon*, 86 Ohio App.3d 671, 621 N.E.2d 776, and *Riggs*, 1993 WL 405491, *supra*. Still other courts reject both viewpoints and hold that denials of motions for shock probation are never, under any circumstance, reviewable. See *State v. Poffenbaugh* (1968), 14 Ohio App.2d 59, 67, 43 O.O.2d 191, 196, 237 N.E.2d 147, 153; *State v. Coffman* (Dec. 29, 1999), Delaware App. No. 99CAA09044, unreported, 2000 WL 1406 (the instant case).

{¶ 7} The Ohio Constitution confers upon appellate courts "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals." Section 3(B)(2), Article IV, Ohio Constitution. R.C. 2505.02 sets forth those orders that are "final orders" subject to review by Ohio's appellate courts. Appellant contends that the denial of a motion for shock probation falls under R.C. 2505.02(B)(2), which defines as a "final order" any order that "affects a substantial right made in a special proceeding."

{¶ 8} Appellant correctly observes that the determination of a shock probation motion is a "special proceeding" inasmuch as shock probation was a purely statutory creation and was unavailable at common law. R.C. 2505.02(A)(2); see, also, *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181, 183; *State v. Jones* (1987), 40 Ohio App.3d 123, 124, 532 N.E.2d 153, 154. However, we disagree with appellant's contention that the denial of a motion for shock probation affects a "substantial right."

**{¶ 9}** R.C. 2505.02(A)(1) defines a substantial right as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." A substantial right is, in effect, a legal right that is enforced and protected by law. *Cleveland v. Trzebuckowski* (1999), 85 Ohio St.3d 524, 526, 709 N.E.2d 1148, 1150.

**{¶ 10}** Former R.C. 2947.061(B) did not create a legal right to shock probation. Instead, the statute committed decisions regarding shock probation to the plenary discretion of the trial court that imposed the sentence. R.C. 2947.061(C) provided that "[t]he authority granted by this section shall be exercised by the judge who imposed the sentence for which the suspension is being considered." 146 Ohio Laws, Part I, 117. In deciding whether to grant or deny a motion for shock probation, this judge was given considerable discretion. R.C. 2947.061(B)'s terms were permissive in nature. R.C. 2947.061(B) provided, for example, that a trial court "may," upon the defendant's motion, suspend further execution of the sentence. *Id*. R.C. 2947.061(B) also permitted the trial court to impose its own terms upon the granting of shock probation and required only that the terms imposed by the trial court include the required conditions of probation prescribed by R.C. 2951.02(C). *Id*.

**{¶ 11}** In matters of probation and parole, we have steadfastly refused to recognize a right of appeal absent a clear directive from the General Assembly that an appeal may be prosecuted. Our decision in *In re Varner* (1957), 166 Ohio St. 340, 2 O.O.2d 249, 142 N.E.2d 846, is instructive. In *Varner*, we reviewed a decision of the Pardon and Parole Commission, which found that the appellant in that case was a parole violator and which ordered that he be returned to prison. We were asked to decide whether this decision could be reviewed in a subsequent habeas corpus proceeding. The relevant statute in *Varner* was former R.C.

4

2965.21.[2] We noted that this statute provided no apparent limitation on the authority and power of the Pardon and Parole Commission to declare a parolee a parole violator and to return him or her to prison. *Id*. at 346, 2 O.O.2d at 253, 142 N.E.2d at 850. Furthermore, the statute made no provision for appellate review. *Id*. at 347, 2 O.O.2d at 253, 142 N.E.2d at 851. Accordingly, we held that the Pardon and Parole Commission's decision to revoke appellant's parole and return him to prison was not reviewable. *Id*. at syllabus. In so holding, we concluded that under the law as it then existed, " 'the safeguard for the prisoner [was] in the conscientious, fairminded and humane viewpoint' " of the commission. *Id*. at 347, 2 O.O.2d at 253, 142 N.E.2d at 851, quoting *Ex Parte Tischler* (1933), 127 Ohio St. 404, 411, 188 N.E. 730, 732.

{¶ 12} Like the statute at issue in *Varner*, R.C. 2947.061(B) conferred substantial discretion while simultaneously making no provision for appellate review. In the absence of such an express provision, we can only conclude that a trial court's order denying shock probation pursuant to former R.C. 2947.061(B) is not a final appealable order.

{¶ 13} Former R.C. 2947.061's scheme, including the absence of appellate review, was consistent with the fundamental principles underlying the concept of probation. Shock probation provided defendants with an opportunity to receive probation after they had spent a short period of time in a correctional facility. The theory underlying shock probation was that immersing a defendant in the penal system for a short period of time could "shock" him or her into a noncriminal lifestyle after probation. Campbell, Law of Sentencing (2 Ed.1991) 104. Like other

---

2. As cited in *Varner*, R.C. 2965.21 provided:

"[A] prisoner who has been paroled, who in the judgment of the pardon and parole commission has violated the conditions of his * * * parole shall be declared a violator. * * * [T]he commission shall determine whether such * * * person shall be released upon the same conditions as the original parole or paroled upon different conditions or shall be imprisoned in a penal or reformatory institution." 1953 H.B. No. 1.

forms of probation, shock probation was in the nature of a privilege rather than a right or entitlement. As with any decision to award probation or suspend sentence, the decision to grant shock probation came as an act of grace to one convicted of a crime. *Escoe v. Zerbst* (1935), 295 U.S. 490, 492, 55 S.Ct. 818, 819, 79 L.Ed. 1566, 1568; *Varner*, 166 Ohio St. at 343, 2 O.O.2d at 252, 142 N.E.2d at 849. That the General Assembly chose to place this decision within the plenary discretion of the sentencing court is not surprising. Probation has always been viewed as a matter that lies within the judgment of the trial judge. See *State v. Theisen* (1957), 167 Ohio St. 119, 124, 4 O.O.2d 122, 125, 146 N.E.2d 865, 869.

{¶ 14} While we recognize that appellate review is an important procedural safeguard for the rights of defendants, it must be kept in mind that by the time defendants move the sentencing court for shock probation, many procedural safeguards have already been afforded to them. They have been seized in a constitutional manner, confronted by their accusers and the witnesses against them, and tried before a jury of their peers, convicted, and sentenced to punishment. *Varner*, 166 Ohio St. at 344, 2 O.O.2d at 252, 142 N.E.2d at 849. From this conviction, defendants have had a specific right of appeal. *Theisen*, 167 Ohio St. at 124, 4 O.O.2d at 125, 146 N.E.2d at 869.

{¶ 15} The kinds of procedural safeguards available to a defendant after conviction depend upon the nature of the private interest at stake. Because under former R.C. 2947.061(B) the defendant's interest does not rise to the level of a substantial right, the defendant's safeguards are found not in further appellate review, but rather in the trial judge's sworn obligation to uphold the law and apply it with impartiality. See R.C. 3.23. We are confident that, in reviewing motions for shock probation, the trial courts have carried out their duties under the law with a "conscientious, fairminded and humane viewpoint," *Varner*, 166 Ohio St. at 347, 2 O.O.2d at 253, 142 N.E.2d at 851, and will continue to do so with respect to any future motions brought under former R.C. 2947.061(B).

**{¶ 16}** Finally, we reject the view that the denial of a motion for shock probation should be reviewable as a final appealable order if it constitutes a constitutional or statutory violation. See *Bauer*, 1987 WL 9740, and *Delaney*, 9 Ohio App.3d 47, 9 OBR 50, 458 N.E.2d 462. The logic underlying this view is circular. Whether the trial court violated some constitutional or statutory standard in denying a motion for shock probation can only be determined through a review of the trial court's decision. However, once the appellate court agrees to conduct this review, it has already treated the trial court's decision as a final appealable order. Thus, the appellate court has implicitly determined that the trial court's decision is a final appealable order before it even begins to review the decision for constitutional and statutory violations.

**{¶ 17}** As the Second Appellate District recognized in *Brandon*, 86 Ohio App.3d 671, 621 N.E.2d 776, to hold that a trial court's order denying shock probation is reviewable if there is a constitutional or statutory violation begs the question. A trial court's order denying shock probation is either reviewable or it is not reviewable. *Id.* at 676, 621 N.E.2d at 779. We cannot hold that this order is sometimes reviewable and sometimes not. *Id.*

**{¶ 18}** For the foregoing reasons, we conclude that a trial court's order denying shock probation pursuant to former R.C. 2947.061(B) is not a final appealable order regardless of whether the denial constitutes a constitutional or statutory violation. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

RESNICK, COOK and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs separately.

MOYER, C.J., DOUGLAS and PFEIFER, JJ., dissent.

_____

**COOK, J., concurring.**

**{¶ 19}** I affirm on the sole basis that the denial of a motion for shock probation does not affect a substantial right, without reaching the issue of whether the determination of a motion for shock probation is a special proceeding within the meaning of R.C. 2505.02(A)(2).

_____

**DOUGLAS, J., dissenting.**

**{¶ 20}** While I agree with the majority that the denial of a motion for shock probation is not a final appealable order pursuant to the special proceeding/substantial right provision of R.C. 2505.02, I believe such denial is appealable pursuant to R.C. 2505.02(B)(4)(a) and (b). R.C. 2505.02 provides:

"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

" * * *

"(4) An order that grants or denies a provisional remedy and to which both of the following apply:

"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

**{¶ 21}** I believe that this language now makes the denial of a motion for shock probation a final order.

MOYER, C.J., and PFEIFER, J., concur in the foregoing dissenting opinion.

_____

*W. Duncan Whitney*, Delaware County Prosecuting Attorney, and *Rosemary E. Rupert*, Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, and *Theresa G. Haire*, Assistant Public Defender, for appellant.

_____