[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND FINAL JUDGMENT ENTRY
This matter comes before the court upon Glenn Edward Greene's pro se appeal from a judgment entry of the Greene County Common Pleas Court overruling his motion for judicial release. Upon review, we sua sponte dismiss Greene's appeal for lack of a final, appealable order.
In State v. Coffman (2001), 91 Ohio St.3d 125, 2001-Ohio-273, the Ohio Supreme Court held that a trial court's denial of a motion for shock probation under former R.C. 2947.061 is never a final, appealable order. As noted in that ruling, however, the General Assembly repealed R.C.2947.061 effective July 1, 1996. As a result, inmates who are incarcerated for offenses committed after that date now must seek judicial release pursuant to R.C. 2929.20.
Although Coffman dealt with shock probation rather than judicial release, the reasoning underlying Coffman and the language of R.C. 2929.20
both persuade us that a trial court's denial of a motion for judicial release is not a final, appealable order. In Coffman, the Ohio Supreme Court noted that a "final order" is an order that "affects a substantial right made in a special proceeding." Coffman, 91 Ohio St.3d at 127. The court recognized that "the determination of a shock probation motion is a `special proceeding' inasmuch as shock probation was a purely statutory creation and was unavailable at common law." Id. This observation is equally true with respect to the determination of a judicial release motion. Judicial release is a purely statutory creation. Therefore, we conclude that the determination of a judicial release motion constitutes a "special proceeding."
Unfortunately for Greene, the appealability problem arises from the second part of the "final order" test. In Coffman, the court reasoned that the denial of a shock probation motion does not affect a "substantial right," which has been defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." Id. In reaching its conclusion, the Ohio Supreme Court stressed that the shock probation statute gave judges "considerable discretion" to grant or to deny a motion filed thereunder. Id. The court also noted its prior refusal, in matters of probation and parole, "to recognize a right of appeal absent a clear directive from the General Assembly that an appeal may be prosecuted." Id. Given that the shock probation statute "conferred substantial discretion while simultaneously making no provision for appellate review," the Ohio Supreme Court concluded that an order denying shock probation was not a final, appealable order.
The foregoing reasoning applies equally to motions for judicial release filed under R.C. 2929.20, which provides that "a sentencing court may
reduce the offender's stated prison term. . . ." (Emphasis added). Having reviewed R.C. 2929.20, we find nothing in the statute to limit a trial court's discretion with respect to denying a motion for judicial release. The statute allows a trial court to deny such a motion without holding a hearing, and a trial court is not required to make any specific findings when overruling a motion for judicial release.[1] In addition, nothing in the statute authorizes an inmate to appeal from the denial of judicial release.[2]
As with the shock probation statute, the judicial release statute confers substantial discretion upon the trial court while simultaneously making no provision for appellate review when the court denies an inmate's motion. Therefore, consistent with the reasoning in Coffman, we hold that the denial of a motion for judicial release is not a final, appealable order. Accordingly, the above-captioned cause is hereby DISMISSED.
IT IS SO ORDERED.
WILLIAM H. WOLFF, JR., Presiding and Administrative Judge JAMES A. BROGAN, Judge MIKE FAIN, Judge.
[1] A trial court's discretion is limited only when it grants a motion for judicial release filed by an offender for whom a presumption of imprisonment applies. See R.C. 2929.20(H). In such a case, a trial court is required to make certain findings on the record.
[2] The legislature has authorized the state to appeal only from an order granting judicial release to an offender who has been convicted of a felony of the first or second degree. See R.C. 2953.08(B)(3). In other instances, the state does not have a right to appeal from an order granting judicial release. Id.