OPINION
{¶ 1} On March 30, 1995, appellee, Carmen Occhipinti ("Occhipinti"), was placed on probation for a period of five years after he pled guilty to two counts of grand theft.
 {¶ 2} On June 24, 1997, the state filed a motion to terminate Occhipinti's probation, and, at a subsequent hearing, Occhipinti was found guilty of violating the terms of his probation. On March 10, 1998, Occhipinti was sentenced to two years on each count of grand theft to be served consecutively to each other and consecutive to a separate sentence Occhipinti was serving out of Cuyahoga County.
 {¶ 3} Occhipinti then filed a notice of appeal. This court reversed the judgment of the trial court and remanded the matter for resentencing based on the sole issue that Occhipinti was not afforded an opportunity to address the trial court before he was sentenced at his probation violation hearing.[1]
 {¶ 4} On March 16, 2000, Occhipinti was resentenced pursuant to this court's order. The trial court modified the original sentence and ordered Occhipinti to serve a definite term of two years on each of the two counts of grand theft to run concurrently with each other but still to be served consecutively to the prison sentence he was serving out of Cuyahoga County.
 {¶ 5} On May 14, 2001, Occhipinti filed a "Motion to Suspend Further Execution of Sentence and Admit Defendant to Probation." The state filed a response in opposition on May 29, 2001. On July 23, 2001, the trial court held a hearing on the motion. On July 30, 2001, the trial court issued a judgment entry granting Occhipinti's motion, suspending further execution of his sentence and admitting him to probation.
 {¶ 6} The state filed a motion with this court for leave to appeal pursuant to R.C. 2945.67 and App.R. 5(B). R.C. 2945.67(A) reads in pertinent part:
 {¶ 7} "A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case."
 {¶ 8} Thus, it is clear that the state does not have an appeal as a matter of right, but, rather, must seek leave to appeal from this court. Moreover, pursuant to App.R. 5(B), when the state seeks leave to appeal, certain conditions must be met. First, the motion must be made within thirty days of the judgment entry sought to be appealed. Second, it must set forth the claimed errors. Third, the motion must be accompanied by affidavits, or by parts of the record upon which the state relies to show that the errors claimed actually occurred and by a brief or memorandum of law in support of the state's claim. Lastly, a notice of appeal must be filed concurrently with the motion.
 {¶ 9} The state met all of the above requirements. Thus, this court granted the state's motion to appeal on September 12, 2001.
 {¶ 10} The state sets forth three assignments of error:
 {¶ 11} "[1] Given that the expiration of the sixty day period for filing a motion for shock probation had occurred, the trial court lost its jurisdiction over the subject matter of the proceeding and over the person of appellee, and any attempt thereafter by the trial court to suspend the execution of appellee's prison sentence, grant probation, and order appellee released from custody was void and without any legal effect.
 {¶ 12} "[2] The trial court's failure to hold a hearing on appellee's motion for shock probation within the statutorily allotted time divested such court of jurisdiction over the subject matter of the motion.
 {¶ 13} "[3] The trial court committed an abuse of discretion by granting appellee's motion for shock probation."
 {¶ 14} In its first assignment of error, the state argues that, pursuant to R.C. 2947.06.1, the trial court was without jurisdiction to consider Occhipinti's motion because it was filed well outside the sixty-day time limit enumerated in the statute. The offenses for which Occhipinti was convicted occurred prior to July 1, 1996. Thus, R.C. 2947.06.1(A), as it existed prior to the enactment of Senate Bill 2, is the controlling statute. R.C. 2947.06.1(A) reads, in pertinent part:
 {¶ 15} "[T]he trial court, upon motion of the defendant made notearlier than thirty days nor later than sixty days after the defendant,having been sentenced, is delivered into the custody of the keeper of theinstitution in which the defendant is to begin serving the defendant'ssentence or upon the court's own motion during the same thirty-day period, may suspend the further execution of the defendant's sentence and place the defendant on probation upon the terms that, consistent with all required conditions of probation prescribed by division (C) of section2951.02 of the Revised Code, the court determines, notwithstanding the expiration of the term of court during which the defendant was sentenced.
 {¶ 16} "The court shall hear any motion filed under this division within sixty days after the filing date of the motion and shall enter its ruling on the motion within ten days after the hearing on the motion." (Emphasis added.)
 {¶ 17} A trial court must strictly adhere to the time periods enumerated in R.C. 2947.06.1.[2] Thus, pursuant to R.C. 2947.06.1, a defendant must file a motion for shock probation not earlier than thirty days and not later than sixty days from the date he is delivered into custody of the institution where he will begin serving his prison sentence.
 {¶ 18} In the instant case, Occhipinti was found to be in violation of his probation on March 10, 1998 and, at that time, was serving a sentence out of Cuyahoga County. The trial court sentenced Occhipinti to two years on each of the two counts to run consecutive to each other and consecutive to the Cuyahoga County sentence.
 {¶ 19} Upon remand from this court, the trial court modified its sentence but still ordered the Lake County sentence to run consecutive to the Cuyahoga County sentence. "A prison term made up of many sentences to be served consecutively is one term."[3] Therefore, as the trial court in Lake County ordered Occhipinti's sentence to be served consecutively to the one being served out of Cuyahoga County, Occhipinti began serving his single prison term, comprised of consecutive sentences from the Cuyahoga County and Lake County Courts, in March 1998.
 {¶ 20} Thus, a proper motion seeking shock probation should have been filed no less than thirty days and no more than sixty days after he was sentenced and returned to prison in March 1998.
 {¶ 21} Occhipinti's motion seeking shock probation, filed on May 14, 2001, was well outside the statutory sixty-day time period and, as such, was untimely.
 {¶ 22} "R.C. 2947.06.1 does not provide a defendant with the opportunity to move for shock probation after the commencement of each of his consecutive sentences."[4] The Fourth District correctly noted in Olff that, "[t]o attempt to separate those terms, permitting shock probation at the beginning of each term, misinterprets the intent of the legislature in creating `shock' probation. Shock probation is just that — probation soon after the initial `shock' of prison life to an individual."[5]
 {¶ 23} Therefore, the trial court lacked jurisdiction to grant Occhipinti's motion for shock probation on July 30, 2001, as it was filed outside the time restrictions set forth in R.C. 2947.06.1 and, as such, was untimely.
 {¶ 24} In his brief, appellee argues that, pursuant to State v.Coffman, this court does not have jurisdiction to review the trial court's order granting shock probation, as it is not a final appealable order.[6]
 {¶ 25} In Coffman, the Supreme Court of Ohio held that, because shock probation was not a "substantial right" as defined in R.C.2505.02(A)(1), denial of a motion for shock probation was never a final appealable order.[7] Appellee argues that the holding in Coffman precludes this court from determining whether the trial court properly granted shock probation to appellee.
 {¶ 26} We find the instant case to be distinguishable from Coffman in that we are dealing with the threshold question of jurisdiction. As noted above, the trial court in this case did not have jurisdiction to hear the motion on shock probation. In Coffman, the Supreme Court of Ohio held that the denial of shock probation was not a final appealable order because, "[l]ike other forms of probation, shock probation was in the nature of a privilege rather than a right or entitlement. As with any decision to award probation or suspend sentence, the decision to grant shock probation came as an act of grace to one convicted of a crime."[8]
 {¶ 27} However, in the instant case, unlike Coffman, the issue of whether to grant or deny shock probation was never properly before the trial court as it lacked jurisdiction to hear the motion. Therefore, the state's first assignment of error is with merit.
 {¶ 28} In the second assignment of error, the state argues that the trial court failed to hold a hearing within the time period set forth in R.C. 2947.06.1 and, thus, was divested of jurisdiction over the subject matter of Occhipinti's motion. In the third assignment of error, the state argues that the trial court abused its discretion in granting Occhipinti's motion.
 {¶ 29} As we held in the analysis of the state's first assignment of error, the trial court lacked the jurisdiction to grant Occhipinti's motion, as it was untimely. We need not address the state's second and third assignments of error relating to the timing of the hearing on the motion and whether the trial court abused its discretion in granting the motion.
 {¶ 30} The holding of the trial court is reversed, and the matter is remanded for reinstatement of Occhipinti's sentence.
DONALD R. FORD and DIANE V. GRENDELL, JJ., concur.
[1] State v. Occhipinti (May 14, 1999), 11th Dist. No. 98-L-061, 1999 Ohio App. LEXIS 2194.
[2] State v. Hackney (May 2, 1994), 12th Dist. No. CA93-10-076, 1994 Ohio App. LEXIS 1832. See, also, State v. Crawford (1973),34 Ohio App.2d 137; State v. Byrum (Oct. 29, 1999), 2d Dist. No. 99 CA 38, 1999 Ohio App. LEXIS 5068.
[3] State v. Olff (June 21, 1991), 4th Dist. No. 89 CA 33, 1991 Ohio App. LEXIS 2898, at *8. See, also, R.C. 2929.41.
[4] State v. Hartzell (June 26, 1998), 2d Dist. No. 16879, 1998 Ohio App. LEXIS 2834, at *2, citing State v. Hatfield (1990), 61 Ohio App.3d 427;State v. Reid (1989), 65 Ohio App.3d 330.
[5] Olff at *8.
[6] State v. Coffman, 91 Ohio St.3d 125, 2001-Ohio-273.
[7] Id. at syllabus.
[8] (Citations omitted.) Id. at 128.