OPINION
{¶ 1} Jayson Roberts is appealing from the order of the trial court denying his motion for shock probation, pursuant to former R.C.2947.061(B). Jayson Roberts was sentenced to a term of fifteen years incarceration in 1994 following his plea of guilty to a charge of gross sexual imposition. On appeal, his counsel has assigned two errors, as follows:
 {¶ 2} "1. The trial court's order, although not a final appealable order pursuant to 2947.061, pursuant to Ohio Civil Rule 60(B)(4) and (5) is an order that may be appealed within one year and is a substantial right.
 {¶ 3} "2. The motion presented was sufficient to support a finding that defendant has satisfied the four objectives of sentencing and, therefore, appellant must be released."
 {¶ 4} Roberts, in his counsel's brief, recognizes that several decisions of this court have held that a decision denying a motion for shock probation is not a final appealable order and, therefore, there is no right to appeal such a decision, unless and until the General Assembly or the Supreme Court of Ohio provides for such an appeal. Counsel states that "this reasoning is draconian and violates the spirit and fabric of Ohio's rules of civil procedure." Brief, 6.
 {¶ 5} As the State properly points out in its brief, this court was merely following the holding of the Supreme Court of Ohio in Statev. Coffman, 91 Ohio St.3d 125, 2001-Ohio-273, 2001-Ohio-296, syllabus. While it is certainly possible that this court could overrule its prior decisions in this matter (citations omitted), it cannot decide in derogation of a clear decision or ruling on the point by the Ohio Supreme Court. See, e.g., Smith v. Klem (1983), 6 Ohio St.3d 16, 18. Counsel's remedy, if any, is only via a decision from the Ohio Supreme Court reversing Coffman, supra, or action by the Ohio General Assembly.
The assignments of error are overruled and the appeal is dismissed.
BROGAN, J. and GRADY, J., concur.